Matthias, J.
 

 The relator was a probationary appointee only. That fact is conceded. In our view that is the determinative fact in this case. It is provided by Section 486-13, General Code, as follows: “* * *
 
 *49
 
 All original and promotional appointments shall he for a probationary period of not to exceed three months to be fixed by the rules of the commission, and no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the appointing officer shall transmit to the commission a record of the employe’s service, and if such service is unsatisfactory, the employe may, with the approval of the commission, be removed or reduced without restriction * *
 

 When it is further conceded that the three steps required by provisions of this section which are specifically applicable to the situation here presented have been taken and the essential requirements of the statute thereby met, the averments of the petition challenging the good faith and impugning the motive of the appointing officer and the civil service commission become immaterial. The removal was made at the end of the probationary period by the process prescribed by the section above quoted. Such appointment could not be deemed finally made until the appointee had satisfactorily served his probationary period. The provisions of Section 486-17, General Code, therefore have no application to the situation presented in this case. It is governed and controlled by the specific provisions of Section 486-13, General Code. Pursuant thereto the record of the service of the probationary appointee was certified to the civil service commission as unsatisfactory, and that commission approved the removal of such appointee.
 

 As a safeguard against arbitrary action of the appointing official or even his erroneous judgment as to the unsatisfactory character of the probationary appointee’s services, his removal at the termination of the probationary period cannot be made effective without the approval of the civil service commission. But
 
 *50
 
 with that approval, such removal or reduction is “without restriction.” No right is granted-by this statute to probationary appointees to appeal to the civil service commission or to have a hearing upon the question of the character of the service rendered by him, as is granted by Sections 486-17 .and 486-17a, General Code, to permanent appointees. Such distinction specifically made by the legislation relative to such appointments cannot be disregarded. To do so would be tantamount to an amendment of the statute — - a legislative and not a judicial function.
 

 ■ It follows that, under the facts presented, the official action complained of is not reviewable in a proceeding in mandamus. The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.