## STATE ex REED v CITY COMMISSION et

Ohio Common Pleas, Butler Co

Decided Nov 29, 1937

C. W. Elliott, Middletown, for relator.
Fred J. Schatzmann, Middletown, for respondents.

## OPINION

By BOLI, J.

This is an action in mandamus wherein the relator, Ralph R. Reed, is asking for

a writ commanding the City Commission of the City of Middletown to appoint him as an assistant chief of the fire department and that said appointment be with seniority over other incumbents.

There is no dispute as to the material facts in the case which are as follows:

In May of 1937 there was an ordinance in effect in the City of Middletown providing that there should be three assistant chiefs of the fire department. On May 19, 1937, the City Commission notified the Civil Service Commission that there were two vacancies in the classification of assistant chief and requested an eligible list so that two assistant chiefs could be appointed. On June 1, 1937 there was a third vacancy for the position of assistant chief.

Pursuant to the request from the City Commission on July 12, 1937 the Civil Service Commission held a promotional examination and on the following day certified to the City Commission as follows: "We hereby certify the following names for the two positions which are now open as assistant chiefs in the Middletown Fire Department, Middletown, Ohio:

Grade     Name
110.2—Ralph R. Reed.
92.9—Rothbert Bell.

The above list is sent to you in accordance with your request on May 19, 1937." On July 22, 1937, the City Commission notified the Civil Service Commission requesting an eligible list so that another assistant chief could be appointed as the ordinance had provided for three assistant chiefs and stating that "we have at hand an eligible list for two assistant chiefs."

On July 29, 1937, the City Commission appointed to the first of said vacancies as assistant fire chief Rothbert Bell, and made no other appointment. On August 5, 1937, the Civil Service Commission certified to the City Commission the name of William Fishbaugh with a grade of 90.2 "to fill the third vacancy in the rank of assistant chief." On the same day the City Commission filled the second vacancy by appointment of Fishbaugh and at the same time upon the name of the relator being presented for appointment two members of the commission voted for his appointment while the other three members passed their vote and therefore, the relator was not and has not been appointed.

The respondents based their defense upon these four propositions:

1st.  That the relator is not a **de jure** member of the Middletown Fire Department.

2nd.  That his failure to observe rules of the Civil Service Commission automatically removed him from the eligible list.

3rd.  That the remedy of mandamus is not available to relator in this case.

4th.  Assuming relator's eligibility, it is not the mandatory duty of the appointing authority to appoint him because of the grade received in such an examination as conducted by the Civil Service Commission.

We will take these points up in their order.

First:  Defendants claim that Reed has been a de facto member only of the Midtown Fire Department since his promotion to the office of captain because of the fact that relator did not qualify for that office in that he failed to comply with the mandatory provision of the charter of the City of Middletown by taking the oath of office.  There is little merit to this contention since this fact, if true, would have no effect upon relator's eligibility to take the examination or to be appointed as assistant chief.  Besides, this being an affirmative defense must be pleaded which the defendants have failed to do in this case.  In addition it is very questionable whether or not under the law relator was compelled to take an oath of office upon his promotion as captain.

Also under this first heading defendants claim that the relator was never permanently appointed to the office of captain since under the Civil Service Commission rules appointments are made for probationary period of three months and no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationary period.  Defendants claim the records of the appointing authority and Civil Service Commission show that no permanent appointment of relator was ever made.  Again we find that there is no merit in this claim of the defendant since we venture the statement that according to this claim very few, if any, appointments have been made after service of the probationary period.  In other words, the rule provides that no promotion shall be deemed finally made until appointee has satisfactorily served his probationary period.  Therefore, after he has so served said period the appointment is deemed finally made and does not require any separate action of the appointing authority.

Since both the statutes and the rules of the Civil Service Commission leave the question of eligibility up to the Civil Service Commission and since the Civil Service Commission found the relator eligible to take

the examination these other matters can in no way effect the right of relator to take the examination. It is conceded that relator actually served more than two years as captain and whether he served as a **de facto** officer or as a **de jure** officer his services would constitute previous experience and since he had the experience required by the rules of the commission, their decision upon his point is final.

Second: Under this heading defendants claim that whatever right the relator may have had after taking the examination and securing the high grade, said right was forfeited when he failed to comply with the Civil Service rule requiring him to arrange an interview with the appointing authority within three days. The rule provides in such event a person shall be removed from the eligible list. The strange thing about this rule is that it fails to provide any date from which the period of three days is to run. Defendants claim the rule means a person must appear within three days after his name appears on the eligible list, however, the rule certainly does not make this plain. In any event it is evident that it would be unreasonable to hold that because a person would not report within three days from the time his name first appeared upon the eligible list that he would lose his right of eligibility.

Besides there is a serious question as to whom an eligible person must report and it certainly does not appear clearly in the evidence that the relator in this case actually did not report. It seems to the court that such a rule was made to apply only to eligibles who failed to report for an interview after being properly notified by the appointing authority. If it were otherwise it could easily happen that the eligible person would not have knowledge that his name appeared on the eligible list until after three days had elapsed. It will be noted also that the rule refers only to the eligible list not the certified list. Relator in this case was on the certified list and it is well established that even if the relator had been removed from the eligible list it would not remove him from the certified list.

For these reasons we find that this second ground does not constitute a defense in this case.

Third: Under this heading defendants contend that mandamus is not the proper remedy of relator in this case because he is attempting to try title to office. For this reason defendants claim relator's proper action would be in **quo warranto**. In this connection defendants say that the evidence shows that Bell was appointed and is now acting as assistant chief and that if the prayer of the petition is granted Bell would be ousted from his position without having his day in court and without being made a party to this action.

We believe that this contention is disposed of by the case of **State ex Culbert v Kinney, 63 Oh St 304.** In that case one recommended by the county executive committee brought an action in mandamus against the Secretary of State to require him to appoint relator as deputy supervisor of elections pursuant to the statute which provides that said officer shall appoint the person so recommended. In that case the Secretary of State had appointed another person which fact he pled, however the court held that mandamus was the proper remedy to enforce the performance of that duty. As apropos to the case at bar the court further states:

"It is claimed in argument, however, that mandamus is not the proper remedy of the relator, because the title to an office is involved, the only method of trying which is by proceeding in **quo warranto.** This is not a proceeding to oust the occupant of an office, or determine his right to its possession. Its purpose is to obtain the necessary evidence of the relator's right to demand the place to which he should have been appointed. The appointment of the defendant is a preliminary step essential to the establishment of that right, and must necessarily precede an action in **quo warranto** against the occupant of the office. For, until the appointment shall be made, the relator is not an officer **de jure** nor entitled to demand of the occupant the possession of the office, or maintain an action for its possession. In an action of that kind the occupant is the only proper party defendant. In this action the state supervisor of elections is the only proper defendant."

The above cited case has been followed in a line of decisions in Ohio extending down to the recent case of **Headnote 4. Board of Trustees v State ex Laird, 128 Oh St 560** and therefore it is our opinion that the relator has chosen the proper form of action in this case.

Fourth: This brings us to the fourth and the most serious contention of the defendants. Here it is claimed that assuming relator was eligible for appointment it is not the mandatory duty of the appointing authority, the City Commission to appoint him because he received the high grade in

the examination conducted on a question and answer basis by the Civil Service Commission. We believe this raises the all important question in this case. This compels us to examine constituional, statutory, Middletown city charter provisions and Middletown Civil Service Commission rules.

Sec 10 of Article XV of the Constitution of the State of Ohio constitutes the basis of all Civil Service laws and regulations and provides as follows:

"Appointments and promotions in the Civil Service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

Sec 485-15, GC, is the enabling statute providing as follows:

"Vacancies in positions in the classified service shall be filled in so far as practicable by promotions. The commission shall provide in its rules for keeping a record of efficiency for each employee in the classified service, and for making promotions in the classified service on the basis of merit to be ascertained as far as practicable by promotional examinations, by conduct and capacity in office, and by seniority in service; and shall provide that vacancies shall be filled by promotion in all cases where, in the judgment of the commission, it shall be for the best interest of the service so to fill such vacancies. All examinations for promotions shall be competitive. In promotional examinations efficiency and seniority in service shall form a part of the maximum mark attainable in such examination. In all cases where vacancies are to be filled by promotion, the commission shall certify to the appointing authority only the name of the person having the highest rating. * * *."

Sec 486-15a, GC, provides:

"That no position above the grade or rank of regular fireman shall be filled by original appointment and no such position shall be filled by any person unless he shall have first passed a competitive, promotional examination."

Sec 1 of Article VIII of the Charter of Middletown provides as follows:

"All members of the police, fire and sanitary departments shall be appointed as required by the Civil Service Acts of the State of Ohio."

The charter further provides that a Civil Service Commission shall be appointed and that its duty shall be to enforce the provisions of the Civil Service Law with respect to all offices and places of employment in the city and that it shall make such rules for the proper performance of its duties as shall be necessary and expedient and consistent with the Civil Service Laws.

The charter further provides that all general laws of the State or Ohio applicable to municipal corporations existing at the adoption of charter or afterwards enacted which are not in conflict with charter or ordinances enacted thereunder shall apply to the government of the city of Middletown. And that all possible powers which can be exercised by the governing body of any municipality are lodged in the City Commission.

The rules of the Civil Service Commission of Middletown provide that the Civil Service Commission shall determine what classes of employees in the classified service are eligible to compete for promotion. And that when there are two or more persons in the same department eligible and willing to compete for a vacancy in a higher position the Civil Service Commission may hold a promotional examination and in such case only the name of the person having the highest rating shall be certified to the appointing authority.

By reason of the provisions of §486-15, GC, and of §2 of Rule 15 of the Civil Service Commission Rules both of which specifically state that in promotional examinations only the name of the person having the highest rating shall be certified to the appointing authority, relator contends it is the mandatory duty of the City Commission to appoint him.

On the other hand respondents claim that by virtue of the Constitution of the State of Ohio heretofore quoted the enabling statute and the rule of the Civil Service Commission can not be interpreted as claimed by relator since that interpretation can not be reconciled with the Constitution. And where two courses are open and one interpretation holds the law as constitutional and the other defeats it we must adopt the one that preserves the validity of the law. Respondents base their argument upon the wording in the Constitution providing "appointments and promotions shall be made according to merit and fitness, to be ascertained as far as practicable, by competitive examinations." It is claimed that the examination held by the Civil Service Commission of Middletown does not pretend to determine one's fitness for the position since neither the enabling law nor the rule of the commission mentions this term. It is further claimed that since one's merit and fitness is to be ascertained as far

as practicable by competitive examination that, therefore, if it is not practicable to determine merit and fitness in this manner the appointing authority is not compelled to appoint the single person certified by the Civil Service Commission. Thus, respondents claim that by virtue of the constitutional provision the appointing authority may exercise its discretion in all appointments and promotions in the Civil Service.

In support of this claim respondents lean heavily upon several Supreme Court cases. The first is the case of **Hile v City of Cleveland, 118 Oh St 99** wherein a chief of police was appointed under a Cleveland charter section providing that if a person in the classified service had performed his duties with fidelity for a period of twoo years he might be appointed to another office without taking a competitive examination. In that case the court held such a provision in the charter was constitutional and that such provision was a proper and binding one for the city to adopt. However, since the charter of the City of Middletown contains no such provision and neither do the statutes or Civil Service rules contain such provision, it is apparent that the cited case is not dispositive of the case at bar. It is true that in the opinion in the Hile case Judge Kincaid calls attention to the constitutional provision wherein the words "as far as practicable" are used and continues with the broad statement to the effect that in some cases the method of making selection is wisely left to the sound discretion of the appointing authority. However, this statement is not made in connection with any similar statement of facts as we have in the instant case.

Counsel for respondents also cite the case of **State ex King v Emmons, 128 Oh St 316** wherein the constitutionality of the law allowing additional credit in examination was held to be not in violation of the Constitution. And also in the case of **Seward v State ex Kratt, 129 Oh St 296, 2 O.O. 201,** wherein relator sought by mandamus to be appointed as street superintendent by reason of his high grade received due to additional credit given because of military service. This latter case was one of original appointment and therefore, we believe not applicable to case at bar.

In both of the above cited cases our Supreme Court upholds the right of the appointing authority to make the appointment upon the basis of merit and fitness and in these cases indicate that the appointing authority should have discretion in such cases wherein the facts established were similar to the facts in the case being decided.

However, this still leaves the court without precedent in deciding the case at bar since counsel on neither side have cited a case directly in point. No doubt, this is because there are none because counsel for both sides are to be commended for their very able and exhaustive briefs.

We believe that the case of **Board of Trustees v State ex Laird,** supra comes nearest to being decisive of this case. And in effect the court held that the appointment must be made from the certified list although in that case it was an original appointment not a promotion. In that case the certified list consisted originally of three names but because of death of one party was reduced to two names. In the instant case the law and the Civil Service Commission rule provides that only one name can be certified since this comes under the head of promotions. Now if in the case of original appointments the appointing authority is restricted to the certified list, certainly the same rule should hold true in the case of a promotional appointment.

Now aside from all cited cases it would seem that the path of the court in this case is clearly charted by §486-15 GC and by §2 of Rule 15 of the Civil Service Commission rules. Both provide in case of promotional examination only the name of the person having the highest rating shall be certified to the appointing authority. This language is plain and unambiguous. We believe they are not violative of the provision of the Constitution upon this subject. This court can not place such a strained construction upon such a statute and rule as to make them mean something entirely different than what they actually say.

If wording of laws or rules are to be changed, it should not be done by judicial interpretation but rather by the act of the Legislature or of the city Civil Service Commission. Whether or not this statute and rule represent the best public policy is **not** for this court to decide.

Frankly, the court can see considerable merit in the contention of respondents as to giving discretionary power to the appointing authority in all appointments. And undoubtedly the city by its charter can make such provision as will conform to the interpretation here sought by respondents.

By reason of the plain provision of **the** statute and of the Civil Service Commission rule this court is of opinion that the relator is entitled to the relief prayed for in his petition.