## SCHREIBER v UNIVERSAL CAR CO

Ohio Appeals, 1st Dist, Hamilton Co

No 5463. Decided Nov 7, 1938

Bettinger, Schmitt & Kreis, Cincinnati, for appellant.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, and Henry B. Street, Cincinnati, for appellee.

**OPINION**

By HAMILTON, J.

The action was for damages growing out of an automobile collision.

The defendant, Universal Car Company, appellee here, was a Ford dealer, and had in its employ a salesman by the name of George Munday. Munday was given a list of prospects by the dealer, and called upon the same in order to effect sales of Ford automobiles. He was in the employ of the company on a commission basis.

To carry on his work, Munday operated a Ford which he purchased under a salesman's contract with the defendant car company. This salesman's contract for the purchase of a car required a down payment and subsequent payments. On the day of the accident, Munday visited a prospect, driving his car, which he had purchased under the salesman's contract. He effected a sale by an exchange of cars, the company taking in a used car in down payment. When the sale was completed, a young man by the name of Gergen appeared at the place, which was a filling station, and Munday directed Gergen to drive his Ford back to his place of business, and Munday drove the used car which he had taken in in trade. Gergen in driving Munday's Ford back had a collision with the plaintiff's automobile, in which collision the plaintiff was seriously injured.

The plaintiff in the case seeks to hold the car company, defendant, under the master and servant rule.

Had the accident been caused by Munday by his own negligent driving, there might be some question as to the liability of his employer. There are circumstances which would indicate that in such a case the accident might be the personal act of Munday, and not one in the course of his employment. Certainly, his engaging an irresponsible driver to drive his own car to defendant's place of business would not be an act in the course of employment, which the car company could reasonably anticipate.

The trial court was correct in instructing the verdict as it did, and its judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.