By the Court.
 

 Section 486-13, General Code, is the controlling statute in this controversy and the pertinent part thereof reads:
 

 “All original and promotional appointments shall be for a probationary period of not to exceed three months to be fixed by the rules of the [civil service] commission, and no appointment or promotion shall be deemed finally made until the appointee has satisfactorily served his probationary period. At the end of the probationary period the appointing officer shall transmit to the commission a record of the employee’s
 

 
 *218
 
 service, and if such, service is unsatisfactory, the employee may, with the approval of the commission, be removed or reduced without restriction * *
 

 The salient facts are that on March 18, 1939, being the ninetieth day of relator’s probationary period as a claims examiner, relator was notified of his dismissal by his office manager. W. F. Searle, then occupying a responsible position in the respondent’s office in Columbus and acting for the respondent during his necessary absence, on the same day signed the respondent administrator’s name to a letter addressed to the state Civil Service Commission, containing the following statements:
 

 “Mr. Earl A. Stine was appointed as claims examiner III in the Cincinnati office of the Bureau of Unemployment Compensation Commission
 
 [sic]
 
 from civil service certification No. 23859 on December 19, 1938.
 

 “For the reasons listed, we charge Mr. Stine with the following disqualifications and we are hereby dismissing him from service as claims examiner grade III effective March 18, 1939, the date of the expiration of the ninetieth day [sic] probationary period.
 

 “Mr. Stine has failed in the responsibility as a claims examiner in handling protest involving both the claimant and employer. He has not brought to light all information, resulting in the central office not being in a position to render decision in the case.
 

 “Instructions provided that claims examiners should secure all facts from both parties in cases of adjustments. On more than one occasion it has been necessary to return to the local office, adjustment cases handled by Mr. Stine, because of lack of sufficient information.”
 

 Thereafter, examples of faulty work on the part of the relator were transmitted to the civil service commission by respondent.
 

 Both the dismissal of the relator and the letter to
 
 *219
 
 the civil service commission giving the reasons therefor had the complete approval of the respondent administrator and were ratified by him.
 

 By an entry in its minute book dated March 30, 1939, the civil service commission sanctioned the relator’s removal.
 

 In the depositions filed by the relator he attempts to show that his work as a claims examiner was in fact of a high order and that his dismissal was largely due to his political affiliations.
 

 As defined by Section 12283, General Code, “Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.”
 

 Under such (definition the re'lator is asking this court to override the action of the respondent in removing the relator and to nullify the approval of such conduct by the civil service commission, both of which involved the exercise of discretionary powers.
 

 Public officials are presumed to perform the duties of their offices in good faith and are allowed considerable leeway in the dismissal of civil service probationers. It is apparent that the relator was not a satisfactory employee in the estimation of the respondent and that there was at least some real basis for such determination, which the civil service commission recognized and accepted.
 

 This court may not constitute itself a monitor to control the discretion of public officers in relation to their employees.
 

 Relator’s contentions that the exercise of respondent’s discretion was unlawfully delegated and that the communication to the civil service commission did not set out in a sufficiently adequate manner the relator’s record of service are too technical.
 

 It is our conclusion that the provisions of Section
 
 *220
 
 486-13, General Code, as interpreted and applied in the case of
 
 State, ex rel. Artman,
 
 v.
 
 McDonough, Dir. of Pub. Safety,
 
 132 Ohio St., 47, 4 N. E. (2d), 982, were sufficiently met in the present case and that an order for the issuance of the extraordinary writ of mandamus against the respondent would be inappropriate. The writ will therefore be denied.
 

 Writ denied.
 

 Weygandt, O. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.