DILLON, APPELLANT, *v.*
CITY OF MACEDONIA ET AL.,
APPELLEES.

(No. 13119—Decided
February 10, 1988.)

Neil Hamad, for appellant.
*Orval Hoover* and *Vern Rudder,
Jr.,* for appellees.

BAIRD, P.J. This cause came on before this court upon the appeal from the order of the trial court affirming the decision of the Macedonia Civil Service Commission to dismiss the case for lack of jurisdiction. We reverse and remand.

On March 18, 1985, the Mayor of the city of Macedonia appointed David A. Dillon, appellant herein, to the rank of Sergeant of the Macedonia Police Department effective March 17, 1985. On July 15, 1985, while off duty, Dillon was involved in a motorcycle accident which resulted in severe injury to his knee. The injuries and rehabilitation

period were such that Dillon was not able to perform his duties as a police officer from July 15, 1985 through and including April 12, 1986, on which date a ruling was issued to the effect that Dillon had not satisfactorily completed his probationary period. The record reflects that Dillon was at that time on some form of sick leave.

Dillon appealed to the Macedonia Civil Service Commission ("commission"). A hearing was held by the commission on May 12, 1986, at which time the commission dismissed the case for lack of jurisdiction. The trial court affirmed the dismissal. It is from that order that Dillon appeals.

Assignments of Error

"I. The trial court erred in ruling that the decision of the Civil Service Commission of Macedonia should be affirmed in that appellant is entitled to a Civil Service hearing as a result of his reduction from the rank of sergeant to the rank of patrolman where the probationary period ha[d] terminated and the Civil Service Commission ha[d] taken no action for the reduction nor ha[d] the appointing authority taken any action to reduce appellant from the rank of sergeant.

"II. The trial court erred in ruling that the findings of the Civil Service Commission of the City of Macedonia were proper and [in] not remanding the cause to the Council of the City of Macedonia for further proceedings consistent with the charter."

Since these assignments of error are related, we will address them together.

Since 1913, Ohio has provided for a probationary period for civil service employees. The requirement of a period of probationary service has been held to be part of a valid statutory scheme implementing Section 10, Article XV of the Ohio Constitution. *State, ex rel. Clements,* v. *Babb* (1948), 150

Ohio St. 359, 368-369, 38 O.O. 217, 220-221, 82 N.E. 2d 737, 742-743. Reasoning that a competitive examination might not be the sole test of merit and fitness, the Supreme Court in *Babb* decided that a probationary period may be imposed to aid in determining fitness. *Babb, supra.* Successful completion of the prescribed probationary period is required before appointment to a civil service position is made final. *State, ex rel. Artman,* v. *McDonough* (1936), 132 Ohio St. 47, 49, 7 O.O. 160, 161, 4 N.E. 2d 982, 983.

Since the probationary period is for the benefit of the appointing authority to aid in the determination of merit and fitness for civil service employment, *State, ex rel. Kelley,* v. *Hill* (1950), 88 Ohio App. 219, 221, 44 O.O. 354, 355, 99 N.E. 2d 1, 3, the General Assembly historically has provided for a degree of leeway in the dismissal of probationary employees. *State, ex rel. Stine,* v. *Atkinson* (1941), 138 Ohio St. 217, 219, 20 O.O. 271, 272, 34 N.E. 2d 207, 208. However, this does not mean that probationary employees can be dismissed arbitrarily. R.C. 124.27 provides for the appointment and removal of probationary employees. Specifically, it states that:

"* * * [N]o appointment or promotion is final until the appointee has satisfactorily served his probationary period. * * * If the service of the probationary employee is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period, whichever is greater. If the appointing authority's decision is to remove the appointee, his communication to the director shall indicate the reason for such decision. * * *"

Subsection 5, Rule VIII of the Macedonia Civil Service Commission Rules and Regulations requires that:

"* * * [T]he appointing authority, at any time during the ten day period before the end of the probationary period, shall inform the commission, in writing, of his decision either to make the appointment of the probationary appointee final or to remove such appointee. If the appointing authority's decision is to remove the appointee, his communication to the commission shall state the reason for such decision."

In addition, Section 8.04, Article VIII of the Charter of the city of Macedonia states as follows:

"* * * Appointments shall be made for the appropriate probationary period of continuous service, and such appointments shall not be deemed finally made until the appointees have satisfactorily served their probationary period. *Thirty days* before the end of the probationary period, the Safety Director shall transmit to Council a record of each employee's service with his recommendations thereon; and *with the concurrence of Council by resolution,* the Safety Director may remove or finally appoint the employee, as the case may be. * * *" (Emphasis added.)

Clearly, even though R.C. 124.27 only requires the Mayor of Macedonia to give a "communication" to the director of administrative services as to why he removed an appointee, both the Charter and the Rules and Regulations of the city of Macedonia require more. According to the rules, the mayor should have informed the commission of his desire to remove Dillon from the rank of sergeant sometime during the ten days before the end of Dillon's probationary period. This he did not do. Also, the charter requires that the safety director notify the city council *thirty* days before the end of the probationary period if he is going to remove the probationary employee. As of April 12, 1986, no such action had been taken to remove Dillon or

otherwise diminish his status as a municipal employee. The record does not indicate that the mayor made any recommendation concerning Dillon until after the one-year probation period was over — in direct violation of the requirements of the rules and charter as to the proper procedure for removing a probationary employee.

While a permanent public employee is entitled to certain due process protections before he is dismissed, a probationary employee is not. The decision of an appointing authority made during a probationary civil servant's employment is final and not subject to administrative or judicial review. *Hill* v. *Gatz* (1979), 63 Ohio App. 2d 170, 17 O.O. 3d 370, 410 N.E. 2d 1268, paragraph one of the syllabus. Therefore, if Dillon was still on probation when he was reduced to patrolman, his demotion is final and not subject to review.

The appellees argue that since "continuous service" is required by the charter, Dillon's absence from work falls outside the contemplation of the charter, and, therefore, Dillon never satisfactorily completed his probationary period.

The issue for this court to determine is whether Dillon continued to be a probationary employee after the one-year probationary term had expired and thus was still subject to removal without the right to judicial review. Where, following an appointment, the appointee serves for more than the probationary period and the appointing power fails to make any report to the proper civil service official indicating that the appointee's services are unsatisfactory, it is presumed that his services are satisfactory and the appointment becomes permanent. *State, ex rel. Kelley,* v. *Hill, supra,* paragraph two of the syllabus.

The Charter of the city of Macedonia, as quoted previously, states that no appointments shall be "deemed finally made" until the appointee has satisfactorily served the probationary period. The logical inference to be derived from this provision is that if the probationary period is satisfactorily served, the appointment will be deemed finally made. If the appointing authority wishes to remove the appointee, he has thirty days before the end of the probationary period to do so. The council is required to concur in the appointing authority's request. However, once the probationary period is over, the appointing authority may not simply keep an employee on probationary status indefinitely, and then fire or demote him or her without giving notice and a hearing. A line must be drawn somewhere. In light of the clear language of the charter, this court holds that, when the probationary period has expired without any action for removal or final appointment by the appointing authority, an employee is presumed to have served the probation satisfactorily and cannot be dismissed absent notice and a hearing to show good cause.

In *State, ex rel. Reed,* v. *City Commission* (C.P. 1937), 28 Ohio Law Abs. 314, 315, 13 O.O. 429, 430, affirmed (1938), 13 O.O. 428, 43 N.E. 2d 656, a case with similar facts, the court stated:

"* * * Defendants claim the records of the appointing authority and Civil Service Commission show that no permanent appointment of relator was ever made. Again we find that there is no merit in this claim of the defendant since we venture the statement that according to this claim very few, if any, appointments have been made after service of the probationary period. In other words, the rule provides that no promotion shall be deemed finally made until appointee has satisfactorily served his proba-

tionary period. Therefore, after he has so served said period the appointment is deemed finally made and does not require any separate action of the appointing authority."

Since no action was taken before the probationary term expired, this court will presume that Dillon's performance, including his absence, was acceptable to the appointing authority, in this case, the Mayor of Macedonia.

If the mayor wished to represent otherwise, he should have done so, within the probationary period. Since this court holds that the probationary service was satisfactorily served, the Macedonia Civil Service Commission was in error in dismissing Dillon's appeal for lack of jurisdiction.

The court finds that the first assignment of error is well-taken; therefore, we need not discuss the second assignment of error. The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

CACIOPPO, J., concurs.

GEORGE, J., dissenting. The issue here is whether Dillon continued to serve the probationary period after he was injured in the motorcycle accident, not whether his employment status had been diminished or whether his employment was terminated. The majority concludes that the mere passage of one year from the date of the appointment, without any action taken by the mayor to remove Dillon from the position, is all that is required to satisfactorily complete the probationary period. This is not the intent of R.C. 124.27, the charter, or the rules and regulations of the city.

R.C. 124.27 provides that "[a]ll original and promotional appointments * * * shall be for a probationary period, not less than sixty days nor more than one year, to be fixed by the rules of the director * * *." This provision is for the benefit of the appointing power. See *State, ex rel. Kelley,* v. *Hill* (1950), 88 Ohio App. 219, 44 O.O. 354, 99 N.E. 2d 1. The probationary period for sergeant of the police department of the city was fixed at one year by the civil service commission in its meeting of April 7, 1984. This one-year period was determined by the commission to be necessary for the city to assess the abilities, talents, and deficiencies of the person it wishes to hold the position permanently.

After four months of performance, Dillon was injured in an off-duty motorcycle accident. Dillon sustained injuries which prevented him from performing any of the duties of his appointed position for the remainder of the one-year probationary period. During the last eight months, the city had no opportunity to assess Dillon's abilities, talents and deficiencies. In actuality, the city only had one-third of the time the commission considered necessary to determine whether he was competent to do the job. To hold, as the majority does, that the probationary period was completed, and to require the city to maintain this employee under the facts of this case, undermines the intent and purpose of the probationary period.

R.C. 124.27 provides that no appointment is final until the employee satisfactorily serves his probationary period. Whether the employee performed satisfactorily or not is immaterial if the employee does not complete the probationary period by serving. From the language of R.C. 124.27 and of the charter of the city, it is apparent that something more than the mere passage of time is required to complete the probationary period.

R.C. 124.27 specifically states that the appointment is final only when the employee has "satisfactorily *served* his probationary period" (emphasis

added). Section 8.04, Article VIII of the Macedonia Charter further states that "* * * Appointments shall be made for the appropriate probationary period of *continuous service,* and such appointments shall not be deemed finally made until the appointees have satisfactorily *served* their probationary period" (emphasis added). This language indicates that some active involvement on the part of Dillon is necessary to complete the probationary period. Since the purpose of the probationary period is to afford the city the opportunity to assess his competency, it follows that he should be actively involved in the discharge of the duties of the position throughout the probationary period. Dillon was not.

In addition, R.C. 124.27 requires the city to communicate with the director its dissatisfaction with Dillon's services before the completion of the probationary period. Subsection 5, Rule VIII of the city's civil service commission rules requires the city to advise the commission of its intent to make Dillon's appointment final or its intent to remove Dillon, at any time during the ten-day period before the end of the probationary period. Thus, the statute, the civil service rule, and the charter refer to a period of time "before the completion of the probationary period." If the employee fails to serve the probationary period, the probationary period does not "end" as contemplated under R.C. 124.27. Further, if the employee completes only four out of a twelve-month probationary period, the "ten-day period before the end of the probationary period" under the civil service rules is never reached. Hence, the need to make a decision either as to finalizing the appointment or removing Dillon was not ripe. Additionally, any notice to that effect would have been premature.

The city has not been fully afforded the requisite opportunity to assess Dillon's competency during the one-year period. The ten-day period before the end of the probationary period has never been reached. Thus, under the civil service rules, the city was not required to advise the commission of its intent to remove Dillon. The city should not be required to maintain Dillon, whose off-duty activities made it impossible for the city to continue to assess his competency, in the appointed position without satisfactorily serving the probationary period. When an appointee, during probation, is unable to further actively participate in the duties of the appointed position, this failure should act to toll the running of the probationary period until such time as the appointee is again able to participate. This would allow the city to consider fully and fairly the appointee's competency, and would protect the appointee from being rejected without being given a full opportunity to demonstrate his competency. The majority's holding requires the city to maintain Dillon, despite the city's lack of a full opportunity to determine if Dillon is a capable employee. Accordingly, under the facts of this case, the probationary period has not been satisfactorily completed.