[Cite as *Bowman v. S. Vienna*, 2021-Ohio-4587.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STEPHANIE BOWMAN | : | |
| | : | |
| Appellee | : | Appellate Case No. 2021-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 2021-CV-77 |
| | : | |
| THE VILLAGE OF SOUTH VIENNA, OHIO, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of December, 2021.

. . . . . . . . . .

JASON P. MATTHEWS, Atty. Reg. No. 0073144 & MATTHEW C. SCHULTZ, Atty. Reg. No. 0080142, 130 West Second Street, Suite 924. Dayton, Ohio 45402
    Attorneys for Appellee

JEFFREY C. TURNER, Atty. Reg. No. 0063154, DAWN M. FRICK, Atty. Reg. No. 0069068 & BENJAMIN J. REEB, Atty. Reg. No. 0100018, 8163 Old Yankee Street, Suite C, Dayton, Ohio 45458, Dayton, Ohio 45440
    Attorneys for Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Appellant, Village of South Vienna, appeals the judgment of the Clark County Court of Common Pleas which found that Appellee, Stephanie Bowman ("Bowman"), was not a probationary employee and ordered her reinstatement as chief of police. For the reasons that follow, we hold that Bowman was still a probationary employee when she was terminated and therefore was not entitled to the due process protections offered in R.C. 737.171. The trial court's judgment will be reversed.

## I.        Facts and Procedural History

{¶ 2} Bowman was hired as an auxiliary police officer for the Village of South Vienna in April 2017. A few years later, on July 22, 2020, she was hired as police chief for the village. Bowman was to serve a probationary period of one year from her date of hire, and an evaluation was to be completed in six months. If, however, "things were not working out," the council, with proper documentation, had the ability to terminate her, or she could resign.

{¶ 3} The mayor noted many occasions of unsatisfactory behavior from Bowman, culminating in an incident in which she left a loaded shotgun, a computer with a LEADS (a state law enforcement database) program on it, and a village gas card in her cruiser when she dropped it off for repair. As a result, it was determined that Bowman did not satisfactorily serve her probationary term, and at the council meeting on March 8, 2021, she was given the option to resign or be fired. Instead, Bowman left the meeting, cleaned out her office, and exited the building without notifying council of her decision. The council then fired her.

{¶ 4} In March 2021, Bowman filed a notice of appeal in the Clark County Court of

Common Pleas and argued that she should have been given the due process protections offered in R.C. 737.17, because she had served longer than the statutorily-required six-month probationary period. Approximately three months later the trial court ruled in her favor, finding that she was not a probationary employee at the time of her termination, and it ordered that she be reinstated as police chief.

{¶ 5} The Village of South Vienna has filed a timely appeal with two assignments of error.

## II. Bowman was still a probationary employee, even after the six-month statutory period had lapsed

{¶ 6} In its first assignment of error, the Village of South Vienna argues that the trial court erred by finding that, upon completion of the six-month statutory probationary period set forth in R.C. 737.17, Bowman was entitled to the procedures described in R.C. 737.171. Its argument, essentially, is that as a probationary employee, the statute did not give Bowman any protections and she could be fired at any time. On the other hand, Bowman claims that she had a property interest in her continued employment, so due process protections attached.

Standard of Review

{¶ 7} To begin our analysis of the case, we must determine the appropriate standard of review as the parties differ in their interpretations. The Village of South Vienna asserts that we should review the judgment de novo because, ultimately, we must determine whether the trial court correctly interpreted the law. Conversely, Bowman contends that the trial court's judgment should be reviewed under an abuse of discretion standard. We agree with the Village of South Vienna.

{¶ 8} When an appellate court reviews a decision by the common pleas court regarding an agency (or in this case – village) order, the appellate court utilizes two separate standards of review. On a question of fact, our review is limited to an abuse of discretion. *Key Ads, Inc. v. Dayton Bd. of Zoning Appeals*, 2014-Ohio-4961, 23 N.E.3d 266, ¶ 13 (2d Dist.). On a question of law, however, our review is de novo. *Id.*, citing *Ohio Dept. of Commerce, Div. of Real Estate v. DePugh*, 129 Ohio App.3d 255, 261, 717 N.E.2d 763 (4th Dist. 1998). In this case, we are reviewing the interpretation of R.C. 737.17 and R.C. 737.171. Therefore, the proper standard of review is de novo. *See Dayton v. Johnson*, 2d Dist. Montgomery No. 29057, 2021-Ohio-3519, ¶ 25 ("The interpretation of a statute is a question of law, which we review de novo.").

Statutory Interpretation

{¶ 9} Both parties do agree that the outcome of this case depends on statutory interpretation. "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent," as expressed in the plain meaning of the statutory language. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. *See also Gabbard v. Madison Local School Dist. Bd. of Edn.*, Ohio Slip Opinion No. 2021-Ohio-2067, __ N.E.3d __, ¶ 13. "To discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage. We give effect to the words the General Assembly has chosen, and we may neither add to nor delete from the statutory language." (Citations omitted.) *Gabbard* at ¶ 13. When the statutory language is clear and unambiguous, we apply the words as written. "An unambiguous statute is to be applied, not interpreted." *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 190, 404 N.E.2d 159 (1980).

Relevant Statues

{¶ 10} The Ohio Revised Code, in R.C. 737.15, mandates that each village must have a chief of police who is appointed by the mayor with advice and consent of the legislative authority of the village (i.e., village council). The statute goes on to give guidance on what the hiring process looks like. Relevant to this case, R.C. 737.17 states that all appointments made under R.C. 737.15 "shall be for a probationary period of six months' continuous service[.] * * * At the end of the probationary period the mayor shall transmit to the legislative authority of the village a record of such employee's service with his recommendations thereon and he may, with the concurrence of the legislative authority, remove or finally appoint the employee." R.C. 737.17.

{¶ 11} The next section, R.C. 737.171, sets forth instructions for the suspension or removal of the police chief.

* * * [I]f the mayor of a village has reason to believe that a duly appointed marshal of the village has been guilty of [fire-able offenses] in the performance of the marshal's official duty, the mayor shall file with the legislative authority of the village written charges against that person setting forth in detail the reason for the charges and immediately shall serve a true copy of the charges upon the person against whom they are made.

Charges filed under this section shall be heard at the next regular meeting of the legislative authority * * * [and] [t]he person against whom those charges are filed may appear in person and by counsel at the hearing, examine witnesses, and answer all charges against that person.

At the conclusion of the hearing, the legislative authority may dismiss the charges, suspend the accused from office, * * * or remove the accused from office.

Statutory Analysis

{¶ 12} We first turn our attention to R.C. 737.17. Taking the statute's words at their face value, several important parts of the passage stand out, and a three-step process emerges. First, anyone who is appointed under R.C. 737.17 (in this case, Bowman) **shall** first go through a six-month probationary period. At the end of those six months, the mayor **shall** send the employee's records and a recommendation to the village council. There is, however, no timeline for when the mayor must send his or her recommendation to council.

{¶ 13} After the mayor has completed the first two actions, the statute indicates that whether the probationary police chief is appointed to full-time status or removed is discretionary – "[the mayor] **may** * * * remove or finally appoint the employee." While step one and step two are mandatory, as evinced by the statute's affirmative language, the final step is not and gives the mayor some leeway; the statutory language does not require the mayor to remove or appoint the employee.

{¶ 14} In this case the mayor of the Village of South Vienna did not take the affirmative step to "finally appoint" Bowman, according to the statute. Consequently, she had not yet reached permanent status and, thus, was still probationary. That means, according to the plain language of the next section, R.C. 737.171, Bowman was not eligible for the due process protections because they only apply to a marshal who has

been "duly appointed." There is nothing in the language of R.C. 737.171 ("if the mayor of the village has reason to believe that a **duly appointed** marshal of the village has been guilty of * * *") that offers protections to probationary chiefs, only ones who are "duly appointed."

{¶ 15} Our interpretation of the statute is shared by other courts as well. In *Curby v. Archon*, 216 F.3d 549 (6th Cir.2000), a deputy marshal, no longer in his probationary period but not yet appointed permanently, was terminated without the due process provided by R.C. 737.171. He argued, like Bowman does now, that after the six-month probationary period ended with no action taken by the mayor and council, he automatically acquired a property interest in continued employment. The federal appellate court disagreed and stated, "a probationary employee who completes a probationary term but is not finally appointed has no reasonable expectation of continued employment." *Id*. at 554. *See also Dillingham v. Woodlawn*, 86 Ohio App.3d 54, 619 N.E.2d 1152 (1st Dist.1993) ("Our holding necessarily means that a police employee's probationary status does not automatically terminate at the end of the six-month period, but, rather, continues until the mayor and council concur on either removing or finally appointing him."); *Matulin v. Lodi*, 862 F.2d 609 (6th Cir.1988) ("Ohio courts have held that a probationary employee who completes a probationary term but is not finally appointed has no reasonable expectation of continued employment.").

{¶ 16} Recently, the United States District Court for the Northern District of Ohio examined the topic in *Dalton-Webb v. Wakeman*, N.D. Ohio No. 3:19 CV 630, 2020 WL 4926233 (Aug. 21, 2020). In *Dalton-Webb*, an officer was fired after his probationary period had expired but before being duly appointed by the mayor and council. In rejecting

the plaintiff's argument that he was entitled to due process protections, the district court noted that "[u]nder Ohio law, probationary employees have no entitlement to any particular discharge procedure, nor do they have a protected property interest in their employment." *Id.* at *5. The court further held that Dalton-Webb was, at best, a probationary employee because he did not receive a final appointment as contemplated by R.C. 737.17; "as such a probationary employee, Plaintiff did not have a property interest in his continued employment." *Id.* at *6.

{¶ 17} While the caselaw favors of the Village of South Vienna, the trial court in its decision below and Bowman in her brief to this Court cite to several cases which, at first blush, seem to be in her favor. For instance, the trial court cited to *Dillon v. Macedonia,* 43 Ohio App.3d 17, 538 N.E.2d 1085 (9th Dist.1988) and *Roberts v. Wellston*, 4th Dist. Jackson No. 03CA14, 2004-Ohio-606, for the proposition that Bowman was "entitled to a presumption that she completed the six month probationary period satisfactorily and cannot be dismissed or demoted absent notice and a hearing to show cause." Appellee's Brief at 6. Both cases, though, are distinguishable as both the *Dillon* and *Roberts* courts were reviewing R.C. 124.27 – the statute governing civil service employees. That statute, unlike R.C. 737.17, does not require affirmative action to appoint an employee.

{¶ 18} Bowman's strongest argument, one with which we agree, is that the construction of R.C. 737.17 *could* lead to abuse by village mayors and/or councils. For instance, because the statute does not provide a timeframe for the mayor or council to act one way or the other on a probationary employee after the six-month period has ended, it leaves the employees in a potentially vulnerable position if a bad-acting mayor wants to "game the system." Based on the plain language of R.C. 737.17, a mayor could

theoretically *never* act to duly appoint an employee, leaving that employee permanently "at will," without any due process protections. While there is no evidence that that is the case here, it is certainly a concerning prospect.

{¶ 19} Despite the concerning policy argument, it is not our duty to re-write a statute, but instead to interpret the language used by the legislature. In this case, it is clear, based on the plain language of R.C. 737.17 and R.C. 737.171, that to progress from a probationary "at-will" employee to a permanent one, the mayor must take the affirmative steps of transmitting a record of the employee's service to the council and then recommending that the council appoint the employee. That did not happen here. The mayor took no action, and as a result, Bowman was never "duly appointed" and therefore did not enjoy the protections offered by R.C. 737.171.

{¶ 20} The trial court erred in its judgment, and the Village of South Vienna's first assignment of error is sustained.

### III. Trial Court Jurisdiction

{¶ 21} In its second assignment of error, the Village of South Vienna asserts that the trial court lacked the jurisdiction to even hear Bowman's appeal. While the trial court did not address the matter, it proceeded as though it had jurisdiction.

{¶ 22} For an administrative act to be appealable under R.C. 2506.01, the act must be the product of a quasi-judicial proceeding. *M.J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150, 290 N.E.2d 736 (1979), paragraph one of the syllabus. A proceeding is not quasi-judicial in nature unless there is a requirement for "notice, hearing, and the opportunity for the introduction of evidence." *Id.*

{¶ 23} As a probationary employee, Bowman did not have a property interest in

her position and therefore was not entitled to the due process protections. She was never "duly appointed," so the protections of R.C. 737.171 did not apply either. Resultantly, there was no requirement for notice, hearing, or the opportunity to introduce evidence.

{¶ 24} Stated another way, a trial court does not have jurisdiction to hear appeals brought by probationary employees governed by R.C. 737.17. It may, however, hear appeals brought if the employee has been duly appointed and R.C. 737.171 applies.

{¶ 25} We conclude, then, that there was not a quasi-judicial proceeding and the administrative act was not appealable to the common pleas court under R.C. 2506.01. The trial court lacked jurisdiction to hear the appeal. *See Bruns v. Village of Chippewa Lake*, 9th Dist. Medina No. 02CA0110-M, 2003-Ohio-3144.

{¶ 26} The Village of South Vienna's second assignment of error is sustained.

## IV. Conclusion

{¶ 27} The judgment of the trial court is reversed.

. . . . . . . . . . . . .

TUCKER, P. J. and WELBAUM, J., concur.

Copies sent to:

Jason P. Matthews
Matthew C. Schultz
Jeffrey C. Turner
Dawn M. Frick
Benjamin J. Reeb
Hon. Douglas M. Rastatter