HARBARGER ET AL., APPELLANTS, v. BALLARD ET AL.,
APPELLEES. █

[Cite as Harbarger v. Ballard (1977), 53 Ohio App. 2d 281.]

(No. 8364—Decided April 20, 1977.)

*Mr. George B. Vasko* and *Mr. James L. Wagner*, for appellants.

*Mr. John E. Holcomb* and *Mr. James R. Graves*, for appellees.

DOYLE, J. This is an appeal from a judgment of the Court of Common Pleas of Summit County entered after trial on a complaint seeking a declaratory judgment and injunctive relief against John S. Ballard, Mayor of the city of Akron, and William J. Brown, Attorney General of the state. The plaintiffs are employees of the city in its water distribution division.

The plaintiffs allege that Mayor Ballard issued an executive order governing sick leave administration which was directed to all departments and division heads of the city, and that:

"On December 10, 1975, Plaintiffs received notification from their superior in the Water Distribution Division of the City of Akron, informing them that, pursuant to the authority provided in said provision of said Executive Order, they must provide said superior with verification from a physician, on the proper form, for each half day or more that they are absent due to sickness in order for them to receive their entitlement to pay for leaves of absence due to sickness."

The complaint further alleges that:

"Said provision of said Executive Order is invalid as being contrary to and more restrictive of rights than specific municipal legislation, to-wit: Section 238.54 of the Akron City Code, insofar as it pertains to leaves of absence due to sickness for less than two (2) days.

"As a result of said Executive Order and said notification, Plaintiffs are in immediate danger of being denied their entitlement to sick pay for leaves of absence due to sickness for periods of less than two (2) days and more than one-half (½) day and further, are in immediate danger of losing their said employment and will suffer irreparable harm for which there is no adequate remedy at law and because of which Plaintiffs are in need of speedy relief."

The complaint continues by asserting that the Mayor's executive order is:

"* * * in violation of the Constitution of the United States and of the State of Ohio in that said provision attempts to deny Plaintiffs their rights without due sanction and process of the laws and in that said provision denies Plaintiffs the equal protection of the laws."

The plaintiffs conclude their complaint by seeking a judgment against the defendants declaring that the Mayor's executive order is:

"* * * invalid, unconstitutional and void and may not

be asserted against Plaintiffs or those similarly situated in requiring them to produce a physician's verification for leaves of absence from their employment due to sickness for periods of less than two (2) days;

"That Plaintiffs and those similarly situated, need not produce a physician's verification for leaves of absence due to sickness for periods of less than two (2) days in order to receive their entitlement to sick pay;

"That Defendants * * * be permanently enjoined and restrained from applying said provision of said Executive Order to Plaintiffs and those similarly situated and from requiring of Plaintiffs and those similarly situated, a physician's verification for leaves of absence due to sickness for periods of less than two (2) days in order to receive their entitlement to sick pay; * * *."

Pursuant to issues joined by the answer of the defendants, this matter came on for trial and at the conclusion thereof the court entered a summary judgment in favor of the defendants. This appeal is from that judgment.

A single assignment of error is claimed. It is:

"The trial court erred as a matter of law in granting a summary judgment for appellees because any executive order of the Mayor of the City of Akron which is in conflict with specific ordinances of the City and with the general laws of this State is illegal and invalid."

The plaintiffs obviously are saying that the Mayor's executive order amounts to a nullity in the light of the state law and certain municipal ordinances.

R. C. 124.38 establishes procedures for the obtaining of sick leave for public employees throughout the state in the absence of certain limitations, one of which relates to employment with a home rule city with a charter form of government. Akron is a home rule city and its government is regulated by charter. The Supreme Court in *State, ex rel. Canada, v. Phillips* (1958), 168 Ohio St. 191, has, in effect, established the principle that a city, such as Akron, has home rule powers under Section 3, Article XVIII, of the Ohio Constitution in matters affecting civil service and public employee situations. It is obvious from this author-

ity that Akron, as a municipal corporation, is not bound by the state law.

Proceeding now to the Mayor's executive order regarding Section 238.04 of the Codified Ordinances of Akron, we find that the ordinance reads, in part:

"(b) In order to receive compensation while absent on sick leave, each employee shall make written application for leave of absence and take steps to notify his immediate superior of his illness, as may be specified by the department head. When such absence is for more than two days, the employee concerned, in order to receive compensation, must file with his request for sick leave a certificate from a registered physician stating that such employee was unable during the whole of such absence to perform his duties, or submit other satisfactory proof of such illness. Unexcused absences because of alleged illness in excess of two days shall be charged against the annual vacation allowance."

The Mayor's executive order here under attack reads, in pertinent part:

"10. If a Division head has any questions about the proper use of sick leave he may require a Physician's statement for leaves of less than three days. A Physician's statement should be required for repeated short-term absences due to a chronic condition."

It is observed that the ordinance enacted by council requires a minimum of two days absence before the certificate of a physician is required. The Mayor's executive order allows a division head to require a physician's statement for a period of less than three days.

In considering the change of the time factor for the physician's certificate, we hold that the power to make the change falls within the powers given the mayor by virtue of the charter and the municipal ordinances.

This change did not affect the rights of the employees to secure sick leave pay. It intended only to protect the city from a wrongful or improper claim. This was in line with the Mayor's duty. There is a rational relationship in the Mayor's executive order to a valid municipal purpose;

*i. e.*, the elimination of wrongful and non-meritorious claims.

We find no error in the action of the trial court and affirm the judgment.

*Judgment affirmed.*

BELL, P. J., and VICTOR, J., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.