HILL, APPELLANT, *v.* GATZ ET AL., APPELLEES.*

[Cite as Hill v. Gatz (1979), 63 Ohio App. 2d 170.]

* Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio, September 13, 1979.

(No. 38651—Decided May 3, 1979.)

*Ms. Mary V. G. Walsh,* for appellant.
*Mr. James B. Reechie,* for appellees.

KRUPANSKY, J. The within matter is an appeal by the plaintiff, Sam Hill (appellant), from the final judgment of the Cuyahoga County Court of Common Pleas dismissing his complaint for a failure to state a claim upon which relief could be granted. Nick Gatz, the Bureau of Community Services, John C. Lander, William F. Luster, Milton T. Bugg, and the Cleveland Reintegration Center (appellees) were named as defendants.

In the complaint, appellant averred he had been employed by the Cleveland Reintegration Center as a Social Counselor I on September 27, 1976, and on January 18, 1977, appellee Nick Gatz, the Administrator of the Bureau of Community Services, terminated his employment by a letter which stated the following:

"We regret to inform you of your termination of probationary employment as Social Counselor I at the Cleveland Reintegration Center effective January 18, 1977. Your discharge conforms with Section 124.27 of the Revised Code and is based on the conviction that you showed incompetency and inefficiency in performing your duties on the evening of October 14, 1976 when, by your own statement, you allowed a resident, Raymond Shaw, to depart the reintegration center under the influence of alcohol, contrary to good professional judgment and reintegration center procedure. This resident has a long history of alcoholism.

"Also, in another instance, while on duty the evening of January 6, 1977, you neglected to make the security check as required with the result that a minor fire occurred endangering the residents and employees of the reintegration center."

Appellant alleges his employment was terminated on the basis of "false and malicious misrepresentations" made by appellees Lander, Luster, and Bugg, who hold the offices of

Superintendent, Deputy Superintendent, and Treatment Coordinator, respectively, of the Cleveland Reintegration Center. He further alleges that the termination of his employment, without a hearing, was in violation of his right to due process of law.

Appellant is seeking reinstatement in his former position with full back pay and advancement to a permanent employee status, or, in the alternative, that he be granted an administrative hearing. Appellant also seeks $50,000 in damages against appellees Gatz, Lander, Luster, and Bugg for causing the termination of his employment based upon "materially false and misleading" reasons.

On September 27, 1977, the trial court granted appellees' motion to dismiss the case.

Appellant assigns three errors on appeal:

"I. Appellees' motion to dismiss should have been denied since appellant stated a cause of action in that his dismissal from employment violated the letter and the spirit of Ohio Revised Code Section 124.27.

"II. Appellant was denied due process of law, including notice and a hearing, prior to termination of his employment.

"A. Appellant's interest in his employment is a property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

"B. Appellant must be afforded due process of law in order to have the opportunity to clear his name.

"III. Appellees' motion to dismiss should have been denied since appellant stated a claim upon which relief could be granted, and there were several disputed issues of law and fact."

In the first assignment of error, appellant contends that the termination of his employment violated R. C. 124.27 and, therefore, his complaint stated a cause of action. In his third assignment of error, appellant contends that the trial court erred in dismissing his complaint because it stated a cause of action upon which relief could be granted and there were several issues of fact in dispute. These errors are similar and will be treated together.

The appropriate standard to be used in dismissing a complaint for failure to state a claim upon which relief can be

granted was set out in the syllabus of *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, as follows:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6) ), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson,* 355 U.S. 41, followed.)" *See Laster* v. *Bowman* (1977), 52 Ohio App. 2d 379; *Slife* v. *Kundtz Properties* (1974), 40 Ohio App. 2d 179.

In the instant matter, it appears beyond doubt that appellant can prove no set of facts entitling him to recovery.

Appellant claims he was entitled to a hearing on the termination of his employment under R. C. 124.27.

This statute provides in pertinent part as follows:

"All original and promotional appointments including provisional appointments made pursuant to section 124.30 of the Revised Code, shall be for a probationary period, not less than sixty days nor more than one year* * *and no appointment or promotion is final until the appointee has satisfactorily served his probationary period.* * **If the service of the probationary employee is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period,* whichever is greater. If the appointing authority's decision is to remove the appointee, *his communication to the director shall indicate the reason for such decision.* Dismissal or reduction may be made under provisions of section 124.34 of the Revised Code during the first sixty days or first half of the probationary period, whichever is greater." (Emphasis added.)

Clearly, no provision is made for a hearing if the appointing authority terminates the employment of a probationary employee during the second half of his probationary period, as was done in the instant matter. The only time a probationary employee is entitled to a hearing is if his employment is terminated during the first sixty days or the first half of his probationary period, whichever is longer. During the first half of their probationary period, employees enjoy the same rights that are given to tenured employees under R. C. 124.34 in order to assure they are given an opportunity to demonstrate

their ability and competence in their job positions. *However, after this initial period, the continued employment of a probationary employee is at the discretion of the appointing authority.* During the second half of the probationary period, the employee can be removed by the appointing authority if the employee's performance is not satisfactory. The appointing authority need not base its decision on the designated misconduct set forth in R. C. 124.34 required for the removal of a tenured employee.

R. C. 124.27 requires the appointing authority to state the reasons for the employee's termination. In the instant matter, the letter delivered to appellant stated two substantial reasons for the termination of appellant's employment. It is apparent from the letter that in the estimation of Nick Gatz, in his official capacity, appellant's services were unsatisfactory.

The Ohio Supreme Court stated in *State, ex rel. Stine,* v. *Atkinson* (1941), 138 Ohio St. 217, 219, as follows:

"Public officials are presumed to perform the duties of their offices in good faith and are allowed considerable leeway in the dismissal of civil service probationers.***

"This court may not constitute itself a monitor to control the discretion of public officers in relation to their employees." *See State, ex rel. Clements,* v. *Babb* (1948), 150 Ohio St. 359, 366.

In the instant matter, the reasons stated by the appointing authority were substantial and not merely frivolous conclusions. *See State, ex rel. Clements,* v. *Babb, supra.* Having met the requirements of R. C. 124.27, the appointing authority's decision was final and not reviewable by the Civil Service Commission. Certainly, it cannot be seriously contended that the appellant is entitled to bring an independent action in the Common Pleas Court where a tenured employee, in an identical situation of being removed from his position, is entitled to appeal only to the State Personnel Board of Review or the Civil Service Commission. *See Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207.

Clearly, appellant had no right to appeal the decision of the appointing authority in the second half of his probationary period by bringing an independent action in the Cuyahoga County Court of Common Pleas. Therefore, the portion of ap-

pellant's complaint seeking relief in the form of reinstatement in his position with full back pay or, in the alternative, for a hearing on the termination of his employment fails to state a claim upon which relief can be granted. Civ. R. 12(B)(6).

A similar result is reached in regard to appellant's claim for relief on the basis of the alleged malicious and false statements made by officials of the Cleveland Reintegration Center.

In the syllabus of *Anderson* v. *Minter, supra,* the Ohio Supreme Court held as follows:

"2. A complaint alleging that a supervisory employee maliciously induced the appointing authority of a civil service employee to suspend such employee for a period of five days or less and seeking compensatory and punitive damages as the result thereof does not state a cause of action against such supervisory employee." *See Fawcett* v. *G. C. Murphy & Co.* (1976), 46 Ohio St. 2d 245.

The court applied the following reasoning:

"Causes of action have been recognized against 'outsiders' for malicious interference with employment. *Johnson* v. *Aetna Life Ins. Co.* (1914), 158 Wis. 56, 147 N.W. 32. Where, however, the act complained of is within the scope of a defendant's duties, a cause of action in tort for monetary damages does not lie. Nor can liability be predicated simply upon the characterization of such conduct as malicious. [Citations omitted.]

"As stated in *Johnson* v. *Aetna Life Ins. Co., supra,* 'Malice makes a bad case worse, but does not make wrong that which is lawful.' " *Anderson* v. *Minter, supra,* at 213.

In the instant matter, appellees Lander, Luster, and Bugg held supervisory positions in the Cleveland Reintegration Center. Their statements were made within the scope of their duties. Therefore, appellant has failed to state a claim upon which relief can be granted.

It appears beyond doubt from the complaint that appellant can prove no set of facts which would entitle him to relief. Therefore, appellant's first and third assignments of error are not well taken.

In his second assignment of error, appellant contends that the termination of his employment without being afforded a

hearing was in violation of his right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.

Appellant's first contention under his second assignment of error is that his probationary employment is a property interest protected by his rights under the Fourteenth Amendment. We do not agree.

It has been repeatedly held that probationary and non-tenured employees do not have a property interest in their continued employment. *Board of Regents* v. *Roth* (1972), 408 U.S. 564; *Perry* v. *Sindermann* (1972), 408 U.S. 593; *Cafeteria and Restaurant Workers Union* v. *McElroy* (1961), 367 U.S. 886; *Depas* v. *Board of Edn.* (1977), 52 Ohio St. 2d 193; *Orr* v. *Trinter* (C.A. 6, 1971), 444 F. 2d 128 (Ohio non-tenured teacher).

In *State, ex rel. Trimble,* v. *State Board of Cosmetology* (1977), 50 Ohio St. 2d 283, 285, the Ohio Supreme Court stated the principles of determining whether an employee has a property interest in continued employment, as follows:

"Appellant's due process claim is without merit. The requirements of procedural due process—including the right to a hearing claimed by appellant—'apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.' *Board of Regents* v. *Roth* (1972), 408 U.S. 564, 569. To have a protected property interest in a benefit such as continued employment by a state agency, an individual must have more than 'an abstract need or desire for it' or a 'unilateral expectation of it.' He must, instead, 'have a legitimate claim of entitlement to it.' *Roth, supra,* at page 577."

In *Bishop* v. *Wood* (1976), 426 U.S. 341, the United States Supreme Court held that a police officer had no property interest in his continued employment by a city despite the fact he was a permanent employee and had been employed for almost three years.

The court enunciated the following principle:

"A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop* v. *Wood, supra,* at 344.

In footnote seven, this principle was explained in further detail by citation to *Board of Regents* v. *Roth, supra,* as follows:

" 'Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' *Board of Regents* v. *Roth,* 408 U.S. 564, 577." *See Board of Curators of the University of Missouri* v. *Horowitz* (1978), 435 U.S. 78, 82; *Perry* v. *Sindermann* (1972), 408 U.S. 593, 599-603.

Clearly, any reference to R. C. 124.27 and 124.34 establishes that a civil service employee obtains a legitimate claim of entitlement to continued employment only after attaining a permanent tenured status. R. C. 124.27 specifically provides that "***no appointment or promotion is final until the appointee has satisfactorily served his probationary period." Once an employee has attained permanent employment status, certain rights enumerated in R. C. 124.34 attach and together with these rights, the expectation of continued employment also attaches.

Appellant during his probationary period cannot claim a property interest in his continued government employment sufficient to be protected by the Fourteenth Amendment to the United States Constitution.

Appellant contends he has the right to "clear his name" because the "false and malicious misrepresentations" contained in appellant's termination letter have damaged his reputation, thereby depriving him of his liberty by violating his right to due process of law. We do not agree.

In *Bishop* v. *Wood, supra,* at 349-350, the United States Supreme Court placed the concept of liberty into proper perspective:

"The truth or falsity of the City Manager's statement determines whether or not his decision to discharge the petitioner was correct or prudent, but neither enhances nor diminishes petitioner's claim that his constitutionally protected interest in liberty has been impaired. A contrary evaluation of his contention would enable every discharged employee

to assert a constitutional claim merely by alleging that his former supervisor made a mistake.

" * * *

"In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."

In *State, ex rel. Trimble,* v. *State Board of Cosmetology, supra,* the Ohio Supreme Court was presented with a similar claim that a state employee's liberty had been violated. In that case, one of three communications charged the employee with " 'unprofessional, unethical and insubordinate' behavior." *Id.,* at 286. The Ohio Supreme Court stated the following, at page 287:

"In *Tichon* v. *Harder* (C.A. 2, 1971), 438 F. 2d 1396, 1402, the Court of Appeals stated:

" 'Although every dismissal for reasons other than reduction in the work force can be said to have some impact on future employability * * * in the absence of a clear, immediate and substantial impact on the employee's reputation which effectively destroys his ability to engage in his occupation, it cannot be said that a right of personal liberty is involved.'

"The allegations in the instant cause do not appear to have the requisite impact on appellant's reputation. * * * The three communications, viewed separately or as a whole, do not accuse appellant of 'dishonesty or immorality,' and they do not have the effect of invoking regulations which bar appellant 'from all other public employment * * *.' *Roth, supra,* at page 573. We find, therefore, that appellant's termination without a hearing did not violate her Fourteenth Amendment liberty interests."

The letter delivered to appellant in the instant matter was not as harsh in its language as the letter sent to the plaintiff in *State, ex rel. Trimble,* v. *State Board of Cosmetology, supra.*

Additionally, under the Ohio Privacy Act, R. C. Chapter 1347, appellant may dispute " * * * the accuracy, relevance, timeliness, or completeness of the personal information per-

taining to him that is maintained by any state or local agency***." R. C. 1347.09. The agency is required to investigate the matter and correct its records if necessary. Appellant may include a personal statement on the disputed personal information if still dissatisfied after the investigation. R. C. 1347.05(F), 1347.09.

We conclude that appellant's property interest and liberty interest were not violated by the termination of his employment without a hearing; nor was the decision of the appointing authority subject to administrative or judicial review under the laws of the state of Ohio. Appellant was not denied due process of law guaranteed by the Fourteenth Amendment to the United States Constitution. Any change in the procedure of dismissal of probationary employees must come from the legislature and not the judiciary.

Appellant's second assignment of error is not well taken.

*Judgment affirmed.*

STILLMAN, P. J., and CORRIGAN, J., concur.