VONDERAU, APPELLANT, v. CITY OF PARMA CIVIL SERVICE COMMISSION ET AL., APPELLEES.

(No. 46581—Decided November 3, 1983.)

Mr. *John F. Lenehan* and *Mr. Robert G. Byrom,* for appellant.

Mr. *Stephen P. Bond,* for appellees.

*Per Curiam.* This is an appeal from a judgment of the common pleas court in which the court granted appellee Parma Civil Service Commission's motion to dismiss appellant Dale Vonderau's notice of appeal.

On January 4, 1982, the appellant was given a provisional appointment from bus driver to Mechanic Helper I. The probationary period was for ninety days. Prior to the expiration of the ninety days, appellant was notified that his appointment would not be made permanent as his work was not satisfactory. He was then reassigned to the position of bus driver.

Parma Civil Service Commission advised appellant as follows:

"Dear Mr. Vonderau:

"In answer to your request for a hearing, according to O.R. Code Section 124.27 all original and promotional appointments, including provisional appointments, shall serve a probationary period. Parma City School District employees serve a 90 day probationary period.

"If the services of a probationary employee are unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of 60 days or half of his probationary period, whichever is longer.

"An employee removed or reduced during this time period does not have the right of an appeal to the Civil Service Commission.

"We feel that you have been treated more than fair by being reinstated to the position of Transportation Driver.

"Respectfully,
PARMA CIVIL SERVICE
COMMISSION"

On April 23, 1982, appellant filed a notice of appeal stating as grounds:

"* * * The grounds for this appeal are that the decision of the Parma Civil Service Commission is not supported by reliable, probative, and substantial evidence and is contrary to law. Further, that the said decision of the Parma Civil Service Commission is unconstitutional, illegal, arbitrary, capricious, and unreasonable."

Appellees filed a motion to dismiss or affirm for the reason appellant had a provisional appointment and that he was terminated during the provisional period.

R.C. 124.27 states, in part:

"All original and promotional appointments, including provisional appointments * * *, shall be for a probationary period * * *, and no appointment or promotion is final until the appointee has satisfactorily served his probationary period. * * *"

Also, as to the probationary period, this section provides:

"If the service of the probationary employee is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period, whichever is greater. * * *"

Appellees have cited as authority for the proposition that appellant's appeal was properly dismissed:

"* * * The decision as to what is or is not satisfactory probationary service lies solely with the appointing authority, 1940 *Ops. Att. Gen.* No. 1743, at 72, and a civil service commission does not have appellate jurisdiction over that finding. *State, ex rel. Clements*[,] v. *Babb* (1948), 150 Ohio St. 359 [38 O.O. 217], Syl. 2; *State, ex rel. Artman,* v. *McDonough* (1936), 132 Ohio St. 47, 50 [7 O.O. 160]."

The Eighth District Court of Appeals expressed its continued support of that fundamental principle when it held, in *Hill* v. *Gatz* (1979), 63 Ohio App. 2d 170 [17 O.O.3d 370], paragraph one of the syllabus, as follows:

"The continued employment of a probationary civil servant is at the discretion of the appointing authority after completion of sixty days or after the first half of the probationary period, whichever is greater. The decision of the appointing authority made during such period to terminate a probationary civil servant's employment is final and not subject to administrative or judicial review."

And, the Ohio Supreme Court, having occasion to again review this issue earlier in the year, held in *Walton* v. *Welfare Dept.* (1982), 69 Ohio St. 2d 58, at 59 [23 O.O.3d 93], that:

"The first question presented is whether a probationary employee who has completed 60 days or one-half of her probationary period, whichever is greater, may be removed for unsatisfactory service without right of appeal to the State Personnel Board of Review. *For the following reasons, we hold that*

*no right of appeal is provided to such employee by statute or by Section 10, Article XV of the Ohio Constitution.*" (Emphasis added.)

Appellant blandly argues that he did the same work for more than a ninety-day period, but provides no foundation or facts for this argument. Further, in his notice of appeal he argued only that the civil service commission's decision was not supported by reliable, probative and substantial evidence. He did not attack the dismissal claiming he was not a probationary employee.

In accordance with the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., DAHLING and PRYATEL, JJ., concur.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.