TAYLOR, APPELLANT, *v.*
CITY OF MIDDLETOWN ET AL.,
APPELLEES.

(No. CA88-11-160—Decided July 24, 1989.)

*Holbrook & Jonson* and *Timothy R. Evans,* for appellant.

*Sheldon A. Strand,* law director, *William M. Rossi, Ruppert, Bronson, Chicarelli, Cornyn & Smith Co., L.P.A.,* and *Leslie S. Landen,* for appellees.

*Per Curiam.* This case is on appeal from a decision of the Butler County Court of Common Pleas which affirmed the demotion of plaintiff-appellant, Barry Taylor, by defendant-appellee, city of Middletown. Taylor was demoted while on probation for "unsatisfactory work" in the course of his employment. The Middletown Civil Service Commission ("MCSC") subsequently dismissed Taylor's appeal premised on a lack of jurisdiction to hear such appeal.

On April 2, 1986, the position of maintenance mechanic II ("MM-II") became vacant in the division of waste water treatment in the city of Middletown. Taylor, a maintenance mechanic I ("MM-I"), was the only employee on the eligibility list for promotion to MM-II at the time. Middletown, however, undertook to conduct a competitive examination to establish an eligible list of three persons pursuant to R.C. 124.27 and 124.31, from which the vacancy would be filled.

Taylor, claiming a preference under R.C. 124.26(C), brought suit to compel his appointment. Pursuant to legal advice, Middletown appointed Taylor to the MM-II position. Since the position was in the classified civil service, MCSC Rule VII 4(b) required that the probationary period for the appointment be six months.

A proper performance evaluation

was received by Taylor on December 19, 1986, which indicated that a conference could be scheduled in order to help improve his job performance. However, on February 19, 1987, Middletown notified Taylor that he had not satisfactorily completed his probationary period, citing lack of ability, failure to use proper safety methods, and disrespect for his supervisor. Thus, Taylor was reduced to his prior classification of MM-I.

Taylor brings this appeal, maintaining that he was not a "probationary employee" at the time of his demotion, referring to the procedures employed by Middletown. Appealing from the lower court's affirmation of his demotion, Taylor sets forth the following assignment of error:

"The court erred in sustaining the Middletown Civil Service's dismissal of appellant's appeal."

In support of his assignment of error, Taylor delineates several issues, which in effect ask the question, "was Taylor a probationary employee?" We hold that Taylor was a "probationary employee" properly demoted pursuant to the rules and regulations of the MCSC.

Taylor argues that his date of appointment was April 2, 1986, since he was entitled to seniority on such date when the MM-II position became "vacant." Taylor submits that because April 2, 1986 is the date he should have been appointed pursuant to R.C. 124.26(C), his probationary period had expired at the time of his demotion.

R.C. 124.26(C) states, in pertinent part:

"A permanent, certified employee who passes an examination for a grade or class in which a position is vacant shall be appointed to the position before the director of administrative services prepares an eligible list * * *."

Further, the Codified Ordinances of the city of Middletown, Section 250.22, provides:

"CIVIL SERVICE EXEMPTION FROM THE UNIT RULE. Ohio R.C. 124.26(C) shall not apply to promotions within classified civil service of the City. (Ord. 080.11. Passed 1-15-80.)"

Clearly, the city of Middletown, pursuant to its local powers, intended to exempt its civil service from the seniority rule codified in the Ohio Revised Code. Therefore, Middletown proposed to allow R.C. 124.27 and 124.31, through its own civil service rules, to control the procedure for promotions within the ranks of classified civil servants.

The Home Rule Amendment to the Ohio Constitution, Section 3, Article XVIII, provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Further, chartered municipalities, such as the city of Middletown, exercise the power of local self-government to the fullest, as set forth in Section 7, Article XVIII of the Ohio Constitution:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of legal self-government."

The appointment and promotion of city employees are exercises of local self-government. Therefore, a chartered city has power over civil service and public employee situations, and is unrestricted by state law. *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191, 5 O.O. 2d 481, 151 N.E. 2d 722; *Harbarger* v. *Ballard* (1977), 53 Ohio App. 2d 281, 7 O.O. 3d 334, 373 N.E. 2d 390.

In the case *sub judice*, R.C. 124.26(C) does not apply to the promo-

tion of Taylor since Middletown, pursuant to its charter, enacted legislation that specifically eliminated the effect of the state statute. Therefore, the "rule of three" appointment procedure mandated in R.C. 124.27 and 124.31 does not give Taylor preference, thereby rendering his probationary status at the time of his demotion proper.

The Supreme Court of Ohio in *State, ex rel. Bardo,* v. *Lyndhurst* (1988), 37 Ohio St. 3d 106, 110, 524 N.E. 2d 447, 451, held that express charter language is required to enable a municipality to exercise local self-government powers in a manner contrary to state civil service statutes. To this end, Middletown's Charter in Article I, Section 2, states:

"All general laws of the State of Ohio applicable to municipal corporations, now existing or hereafter enacted, *not in conflict with the provisions of the Charter, or with the ordinances enacted thereunder,* shall apply to the government of the City of Middletown." (Emphasis added.)

Hence, it is apparent that the self-government powers in the city of Middletown's Charter do have precedence over any general state law in conflict therewith.

Further, the regulation of a city's civil service is purely a matter of local concern, in which the municipality's power of legislation in this area is supreme, subject only to certain constitutional provisions. The Ohio Supreme Court adds:

"* * * As long as the provisions made in the charter of any municipality with reference to its civil service comply with the requirement of Section 10 of Article XV, and do not conflict with any other provisions of the constitution, they are valid and * * * discontinue the general law on the subject as to that municipality. * * *"

*State, ex rel. Lentz,* v. *Edwards* (1914), 90 Ohio St. 305, 310, 107 N.E. 768, 769.

In a case similar to the instant action, the Montgomery County Court of Appeals held that a city with a home-rule charter may adopt a "rule of three" as an exercise of a power of local self-government notwithstanding that the rule conflicts with a state statute. *State, ex rel. Willcox,* v. *Kettering* (1984), 20 Ohio App. 3d 178, 20 OBR 222, 485 N.E. 2d 722, paragraph one of the syllabus.

Therefore, the Middletown ordinance passed pursuant to the city charter prevails over a general state law specifically declared to be inapplicable to the municipal civil service system. Accordingly, Taylor was still a probationary employee on the date of his demotion, since the "true" appointment date of August 20, 1986 causes his reduction on February 19, 1987 to be within the six-month probationary period.

Taylor also contends that he was "removed" rather than "reduced" or "demoted," and therefore that procedural safeguards consistent with due process apply.

R.C. 124.27 states, in part:

"All original and promotional appointments * * * shall be for a probationary period, * * * and no appointment or promotion is final until the appointee has satisfactorily served his probationary period. * * *" See, also, MCSC Rule VII4(a).

Further, in connection with the probationary period, this code section provides:

"* * * If the service of the probationary employee is unsatisfactory, he may be *removed or reduced at any time* during his probationary period after completion of sixty days or one-half of his probationary period, whichever is greater. * * *" (Emphasis added.) See, also, MCSC Rule VII4(c).

In the instant case, Taylor was a "probationary employee" in the last half of his probation. The action taken by Middletown did not discharge or

remove Taylor from service, but, instead, reduced his maintenance mechanic level from II to I. In effect, a demotion occurred during the probationary period for an MM-II.

The determination of what constitutes *"satsifactory probationary service"* is solely within the discretion of the appointing authority, a civil service commission and the courts being without appellate jurisdiction over the finding. *Vonderau* v. *Parma Civil Service Comm.* (1983), 15 Ohio App. 3d 44, 15 OBR 71, 472 N.E. 2d 359; *State, ex rel. Clements,* v. *Babb* (1948), 150 Ohio St. 359, 38 O.O. 217, 82 N.E. 2d 737.

Continued employment of a probationary civil servant is at the discretion of the appointing authority after completion of sixty days or after the first half of the probationary period, whichever is greater. *Hill* v. *Gatz* (1979), 63 Ohio App. 2d 170, 17 O.O. 3d 370, 410 N.E. 2d 1268, paragraph one of the syllabus. Further, a decision of the appointing authority during such period to terminate a probationary civil servant is *final* and not subject to administrative or judicial review. *Id.; Vonderau, supra.*

The Ohio Supreme Court has ruled on this issue as follows:

"The first question presented is whether a probationary employee who has completed 60 days or one-half of her probationary period, whichever is greater, may be removed for unsatisfactory service without right of appeal to the State Personnel Board of Review. For the following reasons, we hold that no right of appeal is provided to such employee by statute or by Section 10, Article XV of the Ohio Constitution."

*Walton* v. *Montgomery Cty. Welfare Dept.* (1982), 69 Ohio St. 2d 58, 59, 23 O.O. 3d 93, 94, 430 N.E. 2d 930, 931-932.

Therefore, appellate review in the context of a probationary civil servant's reduction or removal is not pro-vided by law, and, as a consequence, this court does not have jurisdiction to hear Taylor's appeal. In addition, construing both R.C. 124.27 and MCSC Rule VII4(c) to provide an appeal to a second-half probationary employee would result in absurd results sought to be avoided by the General Assembly. *Walton, supra,* at 62-63, 23 O.O. 3d at 96, 430 N.E. 2d at 934. Hence, only those cases indicating an abuse of discretion are proper for appellate review, thereby requiring this court to resolve this appeal against Taylor.

In conjunction with the right of a probationary employee to appeal a reduction or removal, Taylor insists that a hearing before reduction or removal is required by law pursuant to *Cleveland Bd. of Edn.* v. *Loudermill* (1985), 470 U.S. 532. However, we find that *Loudermill, supra,* does not apply to a probationary employee, rejecting Taylor's contentions that he was denied due process of law.

In *Loudermill, supra,* the United States Supreme Court held that R.C. 124.34 creates a property interest in continued employment for classified civil servants. The court stated that a deprivation of such a constitutionally protected right may be accomplished only pursuant to constitutionally adequate procedures. Thus, an individual *must* be given an opportunity for a hearing *before* being deprived of any significant property interest. *Id.* at 542.

The court further added:

"The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.,* at 546.

Clearly, the instant matter does not present a similar situation. Taylor, as a probationary employee, did not have a legitimate claim of entitlement to continued employment since his appointment was not final until satisfac-

tory completion of the probationary period. *Walton, supra,* at 64, 23 O.O. 3d at 97, 430 N.E. 2d at 935. Therefore, a probationary employee is not entitled to a hearing before reduction or removal since such an employee does not have a constitutionally protected property interest which would require the safeguards of procedural due process. Taylor's reliance on *Loudermill, supra,* in order to require a due process hearing prior to his reduction, is not well-taken.

Lastly, Taylor argues that the procedural requirements under MCSC Rule VII4(c) for probationary employees were not followed. We disagree.

MCSC Rule VII4(c) states in part: "* * * [T]he appointing authority, at any time during the ten day period before the end of the probationary period, shall inform the Commission, in writing, of his decision either to make the appointment of the probationary employee final or to remove such appointee. If the appointing authority's decision is to remove the appointee, his communication to the Commission shall state the reason for such decision."

Thus, the appointing authority, Middletown, is required to inform the MCSC in writing concerning final appointment or removal of a probationary employee. However, the rules are silent concerning a reduction in a civil service job classification during a period of probation.

Taylor was reduced by Middletown from an MM-II to an MM-I since he was incapable of satisfactorily performing in the higher position. The period of probation was six months, with Middletown reducing Taylor's status during the last ten days of such probation. Taylor therefore maintains that Middletown was required to communicate its decision and give the reasons therefor since he was in fact "removed."

Taylor's argument is not persuasive since he was not terminated and is still employed by the city of Middletown. Further, assuming *arguendo* that Taylor is a "removed" employee in the strict sense of being "removed" from the MM-II classification, all notices and communications necessary pursuant to MCSC Rule VII4(c) have been fulfilled. Therefore, Middletown has fully adhered to all of the procedural requirements under MCSC Rule VII4(c) in the process of reducing Taylor to his former MM-I position.

Telling a police officer that he is "prob-procedures, Taylor pleads that Middletown failed to properly remove him since the city commission did not act. The city of Middletown Charter states that when the city manager takes action to appoint or remove, "such appointments and removals shall be subject to the advice and consent of the city commission." However, in the case of a removal, the individual "removed" from employment must be an "employee" of Middletown.

In the instant case, Taylor was not a full MM-II employee of Middletown since he was still on probationary status. As such, the city of Middletown, through its city manager, could properly "remove" Taylor from his MM-II class without city commission approval. Further, since the action taken was actually a "reduction" and not a complete removal of Taylor, Middletown was not required to have the city commission act on this "reduction," in accordance with both the city charter and MCSC rule.

Taylor's assignment of error is hereby overruled for the foregoing reasons. Accordingly, this appeal is dismissed, affirming Middletown's demotion and rejecting Taylor's action for reinstatement to the position of MM-II.

*Judgment affirmed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.