933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buetine DEMERY, Petitioner-Appellant,
v.
CITY OF YOUNGSTOWN, et. al, Respondent-Appellee,
 No. 90-3481.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1991.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ZATKOFF, District Judge.*
 I.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant appeals from an order of the United States District Court for the Northern District of Ohio granting defendant-appellee's motion for summary judgment. Appellant requests reversal of that order and an entry of judgment in his favor. The issue on appeal is whether under 42 U.S.C. Sec. 1981, appellant had a property right in continued employment as a police officer with the City of Youngstown Police Department.
 
 II.
 
 2
 Appellant is a black male who was appointed to the position of patrolman in the Youngstown Police Department. While serving in the second half of his probationary period, appellant was on duty during a prison escape. On July 12, 1982, appellant was discharged for violating various rules and regulations relating to the prisoner escape. As a result, appellant filed claims against the Youngstown Police Department under Sec. 1981 and Sec. 1983.
 
 
 3
 The district court dismissed both claims because they were time barred. Although initially affirming the district court, this Court on rehearing en banc, later affirmed the dismissal of the Sec. 1983 claim and reversed the dismissal of the Sec. 1981 claim, which was then remanded for further proceedings.
 
 
 4
 After the Sec. 1981 claim was remanded defendant filed a motion for summary judgment claiming that appellant did not possess a property right afforded protection under Sec. 1981. The district court held that defendant was entitled to summary judgment on appellant's Sec. 1981 claim because appellant, as a matter of law, did not possess a property right in continued employment as a police officer.
 
 III.
 
 5
 Appellant's claim relied on 42 U.S.C. Sec. 1981. In essence, Sec. 1981 represents a federal statutory confirmation and reinforcement of the fourteenth amendment and the common law right to contract. Specifically, appellant relies on the "equal benefits" clause of Sec. 1981, which states that "all persons have the same right ... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." When a state deprives individuals of their property rights, it must afford whites and non-whites comparable/equal treatment. Under this particular provision of Sec. 1981, appellant claims that his termination deprived him of an alleged property right in continued employment. Plaintiff also claims his termination was racially motivated in violation of Sec. 1981's command. According to appellant, the City of Youngstown treated his alleged property right in continued employment differently than similarly situated white persons.
 
 
 6
 The district court found no actionable property right at stake and, therefore, never reached the subsequent question of whether appellant's property interest was treated in the same fashion as that of similarly situated white individuals.
 
 IV.
 
 7
 After carefully reviewing the record below and the briefs of the parties, we conclude the district court's ruling was not in error.
 
 
 8
 The portion of the district court opinion at issue states:
 
 
 9
 [I]n order to have a federal constitutional claim in the first place, the plaintiff must have a property right in continued employment. [Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985) ] (citations omitted). "Property interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ..." Id.
 
 
 10
 In the State of Ohio, probationary employees who are in the second half of their probationary period as set forth in Ohio Revised Code Sec. 124.27, have no property right in their continued employment. Walton v. Montgomery County Welfare Department, 69 Ohio St.2d 58, 430 N.E.2d 930, 935 (1982); Hill v. Gatz, 63 Ohio App.2d 170, 410 N.E.2d 1268, 1273 (Ohio Ct.App.1979). In the case at bar, plaintiff was a probationary employee in the second half of his probationary period and therefore he was not entitled to any Loudermill pre-termination notice and right to respond or post-termination administrative procedures because he had no property interest in his job.
 
 
 11
 Therefore, it clearly appearing that plaintiff had no property right in his continued employment, and hence, no right to due process, defendants are entitled to judgment and this case is DISMISSED.
 
 
 12
 Appellant argues that the trial court erred in relying on the state cases of Walton and Hill in concluding appellant had no property right subject to the protection of Sec. 1981. Appellant contends the trial court should have made an independent determination regarding the existence of appellant's property right in continued employment instead of relying on state cases to define property interests. We disagree with appellant's claim.
 
 
 13
 This case is controlled by the U.S. Supreme Court's decision in Board of Regents v. Roth, 408 U.S. 564 (1972).[1] In Roth, the court noted that the requirements of procedural due process apply only to the deprivation of interests encompassed by the fourteenth amendment's protection of liberty and property. Therefore, when protected interests are implicated, the right to some kind of pre-termination hearing is paramount.
 
 
 14
 However, the Roth court also noted that the range of interests protected by procedural due process is not infinite. A property interest must be more than an abstract need or desire and more than a unilateral expectation. 408 U.S. at 577. Most importantly, Roth held that property interests are not created by the Constitution. Instead, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. In Roth, the court found no protected property interest where a state statute providing for employment specifically indicated that new appointees are on probationary status.
 
 
 15
 In this case, appellant's appointment to the position of patrolman was subject to the provisions of Ohio Revised Code Sec. 124.27, which provided in pertinent part:
 
 
 16
 All original and promotional appointments, including provisional appointments made pursuant to section 124.30 of the Revised Code, shall be for a probationary period, not less than sixty days nor more than one year ... except original appointments to a police department as a policeman or policewoman, or to a fire department as a fire fighter which shall be for a probationary period of one year, and no appointment or promotion is final until the appointee has satisfactorily served his probationary period.... If the service of the probationary employee is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period which ever is greater. If the appointing authority's decision is to remove the appointee, his communication to the director shall indicate the reason for such decision.
 
 
 17
 Therefore, we conclude the trial court correctly relied on Walton and Hill to interpret Sec. 124.27. Walton and Hill stand for the following propositions: (1) individuals appointed to civil servant positions in Ohio are classified as "probationary", and (2) all such probationary employees dismissed in the second half of their probationary period are at will employees and can be dismissed for any cause or for none at all. Those cases, in essence, reflect a mere plain language interpretation of Sec. 124.27. Even if the trial court chose to ignore Walton and Hill, it could have reached the same conclusion by relying on the plain language of the Ohio statute (Sec. 124.27) at issue.
 
 
 18
 Appellant claims his classification as a "probational employee" should not defeat his claim, under Ohio law, to a constitutionally protected property right. We find no merit in appellant's claim. In light of the above-mentioned discussion of Roth, it is clear that property rights that inure to a public employee, if any, are granted or withheld by a state legislature through civil service statutes. Because the Ohio Legislature explicitly withheld from appellant an expectation of continued employment (see Ohio Revised Code Sec. 124.27 above), it follows that appellant lacks a property right shielded under Sec. 1981. Appellant's claim therefore fails.
 
 V.
 
 19
 Based on the foregoing, we AFFIRM the district court's order granting defendant-appellee's motion for summary judgment.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Perry v. Sinderman, 408 U.S. 593 (1972), was a companion case to Roth