CLARK, Appellant,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Clark v. Ohio Dept. of Transp.* (1993), 89 Ohio App.3d 96.]

Court of Appeals of Ohio,
Fayette County.

No. CA93–03–009.

Decided Aug. 16, 1993.

*Jeffrey M. Silverstein,* for appellant.

*Lee Fisher,* Attorney General, and *Rebecca A. Howard,* Assistant Attorney General, for appellee.

WALSH, Judge.

Plaintiff-appellant, India K. Clark, appeals a decision of the Fayette County Court of Common Pleas that affirmed a State Personnel Board of Review ("SPBR") ruling upholding her demotion.

The record shows that appellant was promoted to the position of interim account clerk supervisor for defendant-appellee, Ohio Department of Transportation ("ODOT"), on January 13, 1991. Her probationary period for the position commenced that same day and was scheduled to end in one hundred eighty days. In July 1991, before her probation expired, appellant was notified she did not satisfactorily complete her probationary period. She was subsequently demoted to her original position.

Appellant appealed her demotion to SPBR. In an order released November 6, 1991, SPBR dismissed appellant's appeal for lack of subject matter jurisdiction,

adopting an administrative law judge's finding that appellant had no right of appeal since her demotion occurred during the second half of her probationary period. Thereafter, appellant appealed the dismissal to the Fayette County Court of Common Pleas, which upheld the SPBR order.

In a timely appeal, appellant presents the following assignment of error for our consideration [1]:

"Does the State Personnel Board of Review have jurisdiction to review whether the appointing authority has complied with the Rules and Regulations of the State of Ohio with regard to a probationary demotion."

It is appellant's position that where an appeal contains issues regarding an appointing authority's compliance with the Ohio Administrative Code provisions that govern the demotions of probationary civil servants, SPBR has jurisdiction to hear the appeal. We disagree.

In pertinent part, R.C. 124.27 provides:

"All original and promotional appointments * * * shall be for a probationary period, * * * and no appointment or promotion is final until the appointee has satisfactorily served his probationary period. * * * If the service of the probationary period is unsatisfactory, he may be removed or reduced at any time during his probationary period after completion of sixty days or one-half of his probationary period, whichever is greater. * * * *"

It is not disputed by the parties that appellant's status while working as an interim account clerk supervisor at ODOT was that of a probationary employee. Nor is there any question that she was demoted to her original position during the second half of her probationary period.

██ Ohio law is well established in holding that the removal of a probationary employee who has completed sixty days or one half of a probationary period, whichever is greater, may not be appealed to the State Personnel Board of Review. *Walton v. Montgomery Cty. Welfare Dept.* (1982), 69 Ohio St.2d 58, 23 O.O.3d 93, 430 N.E.2d 930, syllabus. See *Hill v. Gatz* (1979), 63 Ohio App.2d 170, 174, 17 O.O.3d 370, 374–375, 410 N.E.2d 1268, 1271. Consequently, a decision of the appointing authority during the second half of the probationary period to terminate a probationary civil servant is final and not subject to administrative or judicial review. *Taylor v. Middletown* (1989), 58 Ohio App.3d 88, 91, 568 N.E.2d

---

1. Actually, appellant's brief fails to state an assignment of error as required by App.R. 16(A)(3). Instead, a "statement of issues presented for review" was set forth, under which the above issue was listed. For purposes of clarity, we have chosen to address the issue as appellant's sole assignment of error.

745, 748, citing *Vonderau v. Parma Civ. Serv. Comm.* (1983), 15 Ohio App.3d 44, 45, 15 OBR 71, 72–73, 472 N.E.2d 359, 360.

■ In light of the above authority, we find that the lower court did not err in concluding that SPBR lacked jurisdiction to adjudicate appellant's appeal. An appointing authority may reduce the rank of a probationary employee after the completion of the first half of the employee's probationary period, and, by law, that demotion is not subject to any additional judicial review. For this reason, the lower court's decision affirming the dismissal of the appeal was proper.

Appellant's assertion that the alleged violation of several administrative code provisions that took place when she was demoted conferred jurisdiction on SPBR to hear the appeal is not persuasive. Construing these provisions to provide an appeal to a second-half probationary employee would result in absurd results that the General Assembly has sought to avoid in promulgating R.C. 124.27. See *Taylor, supra,* 58 Ohio App.3d at 91, 568 N.E.2d at 748, citing *Walton, supra,* 69 Ohio St.2d at 62–63, 23 O.O.3d at 95–97, 430 N.E.2d at 933–934.

Appellant also asserts that her demotion violated her due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution. The law does not support her contention.

■ In order to be accorded procedural due process, it is incumbent on the claimant to show a legitimate claim of entitlement. *Walton, supra,* 69 Ohio St.2d at 64, 23 O.O.3d at 97, 430 N.E.2d at 935. The Ohio Supreme Court has previously concluded that "probationary civil service employment does not constitute a legitimate claim of entitlement to be accorded procedural due process under the Fourteenth Amendment." *Id.* at 65, 23 O.O.3d at 97–98, 430 N.E.2d at 935. The rationale for not conferring entitlement under this circumstance is that a civil servant's appointment is not final until the probationary period is satisfactorily completed. *Taylor, supra,* 58 Ohio App.3d at 92–93, 568 N.E.2d at 749–750. As a result, a probationary civil servant is precluded from claiming a property interest in continued government employment that is sufficient to warrant Fourteenth Amendment protection. *Hill, supra,* 63 Ohio App.2d at 177, 17 O.O.3d at 374–375, 410 N.E.2d at 461–462.

Upon perusing the record before us, it is our belief that appellant has failed to present a claim of entitlement. Appellant was a probationary employee at the time of her demotion and based on the above case law she did not possess a property interest in her position. Hence, her due process rights have not been contravened.

On the basis of the aforesaid, this court is of the opinion that the lower court properly dismissed appellant's appeal for lack of jurisdiction. Accordingly, the

sole assignment of error is overruled and the judgment of the lower court affirmed.

*Judgment affirmed.*

Koehler, P.J., and William W. Young, J., concur.