Plaintiffs-appellants, the city of Cincinnati and John F. Shirey, the city manager, appeal a decision of the Hamilton County Court of Common Pleas denying their application to vacate an arbitrator's award and granting the application of defendants-appellees, Queen City Lodge No. 69, Fraternal Order of Police, and Daryle L. Williams, to confirm the award.[1] We affirm the decision of the trial court.
The record shows that on April 30, 1995, Williams began employment with the city as a police recruit. On September 22, 1995, he completed his police academy training and he was sworn in as a police officer. Finally, on September 13, 1996, approximately seventeen months after he began his employment with the city, he was dismissed for "failed probation."
The city promulgated a form entitled "Notice of Disciplinary Action, Layoff or Displacement," which was directed to Williams and signed by Shirey as the appointing authority. The form specifically stated that "[t]his is your Notice of Disciplinary Action" and that the "Effective Date of Disciplinary Action" was September 13, 1996. The completed part of the form bore the instructions "Complete for all Disciplinary Actions," and it stated that Williams was being dismissed for "failed probation."
At the time of his dismissal, Williams was a member of Queen City Lodge No. 69, Fraternal Order of Police ("F.O.P."), which is the exclusive bargaining agent for the police officers in the Cincinnati Police Division. A collective-bargaining agreement entered into by the city and the F.O.P. provided for an eighteen-month probationary period for police recruits from their original date of hire. It also provided a grievance procedure to be used for "[a]ll forms of disciplinary action which are not appealable to the Civil Service Commission or the courts[.]"
The F.O.P. filed a grievance on behalf of Williams and the matter ultimately went to arbitration. The city moved to dismiss the arbitration on the basis that the arbitrator lacked the authority to hear the case under state law or the collective-bargaining agreement. The arbitrator overruled the city's motion. Subsequently, the city filed an application in the trial court to vacate the arbitration award pursuant to R.C. 2711.10. Appellees, in turn, filed an application for an order confirming the award pursuant to R.C. 2711.09. The trial court denied the city's motion and granted appellees' motion. This appeal followed.
In its sole assignment of error, the city argues that the trial court erred by granting appellees' motion to confirm the arbitration award and by denying its motion to vacate the award. It argues that the arbitrator exceeded his authority in assuming jurisdiction over the matter of Williams's dismissal because the collective-bargaining agreement did not provide that the issue was subject to arbitration. Specifically, the city contends that, under the terms of the agreement and under state law, dismissal of a probationary employee is not a disciplinary action subject to the grievance procedure. We find this assignment of error is not well taken.
We begin by noting that the parties have not provided us with a record of the arbitration hearing. Consequently, we must presume the regularity of the proceedings before the arbitrator and the resulting award. Motor Wheel Corp. v. Goodyear Tire Rubber Co. (1994), 98 Ohio App.3d 45, 55, 647 N.E.2d 844, 850;Marra Constructors, Inc. v. Cleveland Metroparks Sys. (1993),82 Ohio App.3d 557, 563, 612 N.E.2d 806, 810.
To facilitate and encourage the private settlement of disputes, judicial review of arbitration proceedings is limited. Huber Hts. v. Fraternal Order of Police (1991),73 Ohio App.3d 68, 73, 596 N.E.2d 571, 574; Southwest OhioRegional Transit Auth. v. Amalgamated Transit Union, Local 627
(Sept. 28, 1994), Hamilton App. No. C-930423, unreported. An arbitrator is the final judge of both the law and the facts, and a court will not set aside an arbitrator's award except in the limited circumstances set forth in R.C. 2711.10. GoodyearTire Rubber Co. v. Local Union 200, United Rubber, Linoleum Plastic Workers of Am. (1975), 42 Ohio St.2d 516, 519-522,330 N.E.2d 703, 706-708, certiorari denied (1975), 423 U.S. 986,96 S.Ct. 393; Huber Hts., supra, at 73-74, 596 N.E.2d at 574;Southwest Ohio Regional Transit Auth., supra.
R.C. 2711.10(D) provides that a court of common pleas shall vacate an arbitration award upon application by any party if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." To determine if an arbitrator exceeded his or her power, the trial court must first determine whether the arbitrator's award draws its essence from the collective-bargaining agreement between the parties. Goodyear, supra, at paragraph one of the syllabus;Cleveland v. Fraternal Order of Police, Lodge No. 8 (1991),76 Ohio App.3d 755, 758, 603 N.E.2d 351, 353. An arbitrator's award draws its essence from a collective-bargaining agreement when (1) there is a rational nexus between the agreement and the award; and (2) the award is not arbitrary, capricious or unlawful. Mahoning Cty. Bd. of Mental Retardation andDevelopmental Disabilities v. Mahoning Cty. TMR Edn. Assn.
(1986), 22 Ohio St.3d 80, 488 N.E.2d 872, paragraph one of the syllabus. So long as the arbitrator is arguably construing the contract, the trial court must affirm the arbitrator's decision. Cleveland v. Fraternal Order of Police, supra, at 758, 603 N.E.2d at 353. On the other hand, an arbitrator's award departs from the essence of the collective-bargaining agreement when (1) the award conflicts with the express terms of the agreement, or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement. Ohio Office of Collective Bargaining v. Ohio Civ.Serv. Emp. Assn., Local 11, AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, syllabus.
The city relies upon R.C. 124.27, which provides for a one-year probationary period for all original appointments of police officers. It further states:
 [N]o appointment or promotion is final until the appointee has satisfactorily served the probationary period. * * * If the service of the probationary employee is unsatisfactory, the employee may be removed or reduced at any time during the probationary period after completion of sixty days or one-half of the probationary period, whichever is greater. * * *
Under this statute, police officers may be dismissed from their positions at the discretion of the appointing authority after completion of one-half of their probationary period, with no right of appeal. Bashford v. Portsmouth (1990), 52 Ohio St.3d 195,198, 556 N.E.2d 477, 479; Taylor v. Middletown (1989),58 Ohio App.3d 88, 91, 568 N.E.2d 745, 748.
However, R.C. 4117.10(A) provides that, except for certain specifically enumerated exemptions, the terms of a collective-bargaining agreement pertaining to wages, hours, and terms and conditions of public employment prevail over conflicting laws. State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 514, 628 N.E.2d 1377, 1381. Probationary periods do not fall within any of the specifically listed exemptions, and they are therefore a legitimate subject of collective bargaining. Biddle v. Dayton (1988), 48 Ohio App.3d 116,119, 548 N.E.2d 329, 332. Where no agreement exists or where the agreement makes no specification over a certain matter, only then are public employees subject to the applicable state laws or local ordinances. R.C. 4117.10(A);Fleming, supra, at 513-514, 628 N.E.2d at 1381.
The city relies upon Bashford, supra, in which the Ohio Supreme Court held that R.C. 124.27 applied and that a probationary employee did not have a right to appeal his dismissal during the second half of his probationary period. It held that the lack of specificity in the collective-bargaining agreement regarding probationary employees prevented application of that agreement's termination procedures to all probationary employees. Id. at 197, 556 N.E.2d at 479. The court specifically noted that the collective-bargaining agreement contained no provisions that addressed the issue of the length of the probationary status "in any fashion." Id. at 199, 556 N.E.2d at 481.
In this case, the parties specifically bargained over the issue and provided for a longer probationary period than that set forth in the statute. Thus, the arbitrator could have rationally concluded from the terms of the agreement that the city had bargained away its discretionary right to dismiss probationary employees under R.C. 124.27 and replaced it with the grievance procedure for "disciplinary actions" set forth in the agreement. See MacKnight v. Lake Cty. Dept. of HumanServices (1995), 107 Ohio App.3d 181, 186-188, 667 N.E.2d 1287,1290-1291. In fact, the arbitrator specifically stated that "[w]hile the city may argue that a probationary dismissal is not a disciplinary action, nowhere in the statutes or in the case law or in the contract is there clear and unambiguous language in that regard." It is the arbitrator's duty to interpret the collective-bargaining agreement where the terms are ambiguous, and a court will not set aside the arbitrator's decision unless the arbitrator clearly acted outside his or her charge. Dayton v. Fraternal Order of Police (1991), 76 Ohio App.3d 591,597, 602 N.E.2d 743, 747.
The arbitrator further stated that the term "disciplinary action" appeared at least four times on the form used by the city, and "it can [ ] hardly be said at this point that the disciplinary action was not used to dismiss the grievant." Consequently, the arbitrator found that Williams's dismissal was a "disciplinary action" subject to the grievance procedure in the collective-bargaining agreement. This factual finding is rationally derived from the terms of the agreement, and it is neither arbitrary nor capricious.
We hold that the arbitrator's decision derives its essence from the collective-bargaining agreement, and, therefore, that the arbitrator did not exceed his authority. Consequently, our inquiry is at an end because it is the arbitrator's interpretation of the contract, and not a reviewing court's, that governs the rights of the parties. Hillsboro v. FraternalOrder of Police, Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174, 556 N.E.2d 1186, syllabus; Bd. of Edn. of the Findlay CitySchool Dist. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129,132-133, 551 N.E.2d 186, 190; Dayton v. Fraternal Order ofPolice, supra, at 596, 602 N.E.2d at 746-747. The trial court did not err in overruling the city's motion to vacate the arbitration award. Consequently, we overrule the city's assignment of error, and we affirm the judgment of the trial court.
Judgment affirmed.
SUNDERMANN, P.J., DOAN and PAINTER, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] We refer to appellants collectively as "the city."